272 P.2d 316

WESTERN GAS & POWER OF IDAHO, Inc.

v.

NASH et al.

No. 8133.

Supreme Court of Idaho.

June 22, 1954.

Paul C. Keeton and Earle W. Morgan, Lewiston, for respondents.

H. J. Felton and William J. Jones, Lewiston, for appellant.

THOMAS, Justice.

The plaintiff and appellant herein is a corporation and was organized in December, 1948, by one of the defendants, John R. Nash, his wife and one Richard Blewett. In January, 1950, D. J. Hansen and Betty Hansen, his wife, acquired two-

thirds of the outstanding stock of the corporation and one-third thereof remained with Nash and his wife.

At all times after incorporation until September 7, 1953, Mr. Nash was president, general manager and one of the directors of the corporation. At a stockholders' meeting held on September 7, 1953, Nash and Mr. and Mrs. Hansen were elected directors and on the same day a directors' meeting was held at which D. J. Hansen was elected president, John R. Nash, vice-president, and Betty Hansen, secretary, and one Mr. Bornhoft was elected manager with the usual authority of a manager and with the express authority to hire Mr. Nash or not as he saw fit.

On the following day Mr. Nash resigned as vice-president and on the 11th day of September also resigned as a director and entirely severed his connection with the corporation in every respect except as a stockholder and statutory agent for the corporation in the state of Washington. Some efforts were made without success to reemploy him. While the record is not clear as to the date of the employment of Nash by Gas Heat, Inc., one of the respondents herein, it would appear that such employment occurred soon after he resigned as director. Both corporations have their principal place of business in Lewiston, Idaho, and are competitors in the propane gas business in Lewiston and the surrounding area.

In the propane gas business it is the customary practice to establish customer routes and when this has been done it is the usual experience that the acquired customers look to the supplier to determine the tank capacity, to periodically check it, and when gas is needed, to take care of this matter; such customers usually continue as customers of such supplier. In this particular type of business it is quite common that a close and personal relationship develops between the customer and the person who makes the contact and renders the service.

During the time that Nash was manager for Western Gas & Power of Idaho, Inc., he personally contacted most of its customers, made the original installations and serviced the accounts.

Immediately following Nash's employment by Gas Heat, Inc., he began to solicit customers of Western Gas & Power, advising the customers so contacted that he was no longer in the employ of Western Gas & Power but was now working for Gas Heat, Inc., and sought the business for his new employer. As a result of his contacts and solicitations several of the customers moved their accounts to Gas Heat, Inc. The evidence indicates that after Nash severed his connection with the first company it lost about sixty per cent of its business in Grangeville. The record is not clear as to how many of these particular customers were contacted by Nash nor

is it certain that the loss of business is entirely attributable to his efforts and solicitation; additionally, the City of Lewiston sells liquefied petroleum through a pipeline system; at least one account lost by the appellant company after Nash severed his connection therewith was not acquired by the competing company.

On September 30, 1953, appellant filed its action seeking to enjoin and restrain the respondents and each of them for a period of three years from soliciting or dealing with any of the customer accounts which appellant had on September 7, 1953, and for damages in the sum of $5,000.

On the same day the court issued an order to show cause why a restraining order and injunction should not be made and entered as prayed for in said complaint; respondents denied the material allegations of the complaint; a hearing was had on October 12, 1953. At this hearing appellant introduced evidence, both oral and documentary; respondents neither called witnesses nor introduced any evidence.

On November 7, 1953, the court made an order denying the application for a temporary restraining order. From such order this appeal is taken.

The only assignment of error by appellant is to the effect that the court erred in refusing to grant a restraining order or injunction as prayed for.

The briefs of the respective parties set forth many matters which will doubtless have to be decided by the district court when the case is tried on its merits but which should not and will not be discussed here. This court will not pre-judge such questions and will and does limit its decision to the sole and only question presented on the present record; that question is whether the trial court abused its discretion in denying an injunction pendente lite.

■ While in the pleadings and throughout the hearing reference is continually and repeatedly made to a temporary restraining order it is clear that the relief sought at such hearing upon the order to show cause was an injunction pendente lite; while there is a technical distinction between a temporary restraining order and a temporary injunction, the terms are frequently employed synonymously. The restraining order is effective only until a hearing is had upon an order to show cause and upon such hearing injunction pendente lite is granted or refused. Rowland v. Kellogg Power & Water Co., 40 Idaho 216, 233 P. 869; Beech v. United States Fidelity & Guaranty Co., 54 Idaho 255, 30 P.2d 1079, 92 A.L.R. 264.

■ The granting or denying of a temporary injunction is addressed to the sound discretion of the trial court, to be exercised according to the circumstances of the particular case and the exercise of such

discretion will not be disturbed on appeal unless a clear abuse thereof is shown. White v. Coeur D'Alene Big Creek Mining Co., 56 Idaho 282, 55 P.2d 720; Independent Irr. Co. v. Baldwin, 43 Idaho 371, 252 P. 489; Washington Water Power Co. v. Crane, 40 Idaho 310, 233 P. 878; Price v. Grice, 10 Idaho 443, 79 P. 387.

This court has examined the record only for the purpose of determining whether the trial court has abused its legal discretion in refusing to issue an injunction pendente lite. From this record we cannot say that such discretion was abused.

An entirely different situation may be found to exist upon the evidence adduced when the case is tried on its merits. Nothing set forth herein with reference to the facts is intended to be nor is it binding upon the trial court when the case is heard on its merits. It must be understood that this court is now passing only upon the question of whether or not the trial court abused its discretion in refusing to grant an injunction pendente lite upon the record as presented.

From what has been hereinbefore set forth it follows that the order refusing to grant an injunction pendente lite is affirmed.

Costs to respondents.

PORTER, C. J., GIVENS and TAYLOR, JJ., and NORRIS, District Judge, concur.