298 P.2d 383

George WOOD, Plaintiff-Appellant,

v.

CLASS A. SCHOOL DISTRICT NO. 25, a corporate body politic, James A. Leese, R. K. Hart, A. M. Alexander, Robert F. Mulick, W. R. Ward, Board of Trustees of said School District No. 25, Defendants-Respondents.

No. 8396.

Supreme Court of Idaho.

June 5, 1956.

76

Merrill & Merrill, Pocatello, for respond-
ents.

Anderson & Anderson, Pocatello, for ap-
pellant.

TAYLOR, Chief Justice.

August 13, 1955, plaintiff (appellant) filed his amended complaint against the defendant school district and its trustees (respondents). Among other things appellant alleges that he "has been and still is employed under written contract by the above defendant school district No. 25 as a teacher in the Pocatello High School. That a copy of the above mentioned contract is amended [sic] hereto as Exhibit 'A' and made a part hereof for all pertinent purposes as fully and completely as if it were copied verbatim herein."

The other allegations of the complaint allege in effect that the notice, given to plaintiff on February 25, 1955, that his services would terminate at the end of his present contract, May 28, 1955, was not made or adopted at a duly called regular or special meeting of the board of trustees, open and public, as required by § 33–706a, I.C.; that he has petitioned the district to tender him a contract for the next ensuing school year, which petition has been refused, notwithstanding the purported notice of termination was ineffective; that a controversy exists in that plaintiff contends his contract has in effect been extended and that he now has a contract of employment— whereas the district contends no such contract exists.

The document attached to the complaint, purporting to be a copy of the contract, contains the following provision:

"A. Re-employment under this contract may normally be considered automatic unless the Teacher is personally notified to the contrary not later than March 1."

Plaintiff prays judgment declaring that the purported notice of termination was invalid and that his contract was automatically extended and that he is lawfully employed by the defendant for the next ensuing school year. The purported contract annexed to the complaint as Exhibit A is blank as to date, name of the second party (teacher), and as to salary, and is not executed by either party. Upon the hearing of defendants' demurrer to the amended complaint on September 19, 1955, the court granted plaintiff's request to amend the amended complaint by filling in the blanks in Exhibit A, and the cause was taken under advisement on the issues raised by the demurrer. On October 6, 1955, the court made a minute entry and order in which the court recites the following:

"An examination of said Exhibit 'A' referred to discloses a typewritten copy of a form of contract, but contains no dates, no names of the con-

tracting parties, no consideration, and, in fact, is not and cannot under any circumstances be considered as a contract between the plaintiff Wood and the defendants. On the hearing of this matter counsel for the plaintiff asked leave to amend by inserting in said blank exhibit the information which counsel stated appears on the original contract between the parties, and over the objection of counsel for the defendants the court granted leave to so amend, on condition that the same be done forthwith, and, notwithstanding, there has now elapsed a period of more than two weeks since the date of said hearing and said amendment permitted, there has been no such amendment made and there is no allegation in the amended complaint upon which the court can find that the blank form of contract attached as an exhibit is a contract between the parties;"

and further that the amended complaint is insufficient to state a cause of action for declaratory judgment. The demurrer was sustained.

■ The court further found and held that though the complaint should be further amended by filling in the blanks in the contract, it would still fail to state a cause for relief by declaratory judgment, and that it cannot be amended so as to state such cause of action, and ordered the action dismissed. Judgment of dismissal was entered October 10, 1955, and this appeal followed.

"Action for declaratory judgment may invoke either remedial or preventive relief, and may relate to right that has been breached or is yet in dispute, or status that is undisturbed but endangered, but generally cannot be maintained unless involving some specific adversary question or contention based on existing state of facts." State ex rel. Miller v. State Board of Education, 56 Idaho 210, syl. 5, 52 P.2d 141; Ayers v. General Hospital, 67 Idaho 430, 182 P.2d 958.

Cf. Ennis v. Casey, 72 Idaho 181, 238 P.2d 435, 28 A.L.R.2d 952; Grayot v. Summers, 75 Idaho 125, 269 P.2d 765; Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837, and annotation 847.

■ In a case which arose under the federal declaratory judgment act, Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, Chief Justice Hughes said a "controversy" in the constitutional sense "must be one that is appropriate for judicial determination. * * * A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." It follows that the controversy must be one that is real and substantial, and if the complaint fails to disclose some legal interest in the plaintiff, no justiciable controversy is presented for defense. Frahn v. Tennessee Valley Authority, D.C.Ala., 41 F.Supp. 83.

The allegations of the complaint, quoted above, do not allege the existence of a contract of employment independently of the blank form attached as Exhibit A. The allegation that plaintiff "has been and still is employed under written contract" is limited by the subsequent allegation, "that a copy of the above mentioned contract" is annexed as Exhibit A. There are no other allegations pleading the contract by legal effect, and no allegation that the purported contract was in fact executed. Thus, no contract of employment is alleged. Sweeney v. Johnson, 23 Idaho 530, 130 P. 997; Caldwell v. Village of Mountain Home, 29 Idaho 13, 156 P. 909.

No justiciable or adversary controversy could be predicated upon the alleged ineffective termination of a contract, without allegation that there was in fact a contract subject to termination.

The complaint was once amended. Appellant did not avail himself of the leave granted to further amend, nor make further application to the court for that purpose.

It also appears that the court was right in its ruling that had the blanks in the attached form been filled in, still no cause for declaratory relief would be stated. In addition to the provision for automatic reemployment, quoted above, the form of contract contains the following provision:

"* * * provided however, the District is not bound by this provision or paragraph A until a contract has been entered into between the Teacher and the District for the next ensuing school year."

Dismissal was proper. Chambers v. McCollum, 47 Idaho 74, 272 P. 707; Sherman v. Watson, 58 Idaho 451, 74 P.2d 181; Harrison v. Board of Com'rs, 68 Idaho 463, 198 P.2d 1013; Gough v. Tribune-Journal Co., 73 Idaho 173, 249 P.2d 192; Richeson v. Kessler, 73 Idaho 548, 255 P.2d 707; French v. J. A. Terteling & Sons, 75 Idaho 480, 274 P.2d 990.

Judgment affirmed. Costs to respondents.

KEETON, ANDERSON and SMITH, JJ., and BAKER, District Judge, concur.