**Alfred AVINS, Plaintiff,**

v.

**WIDENER COLLEGE, INC., Defendant.**

**Civ. A. No. 76–222.**

United States District Court,
D. Delaware.

Oct. 12, 1976.

Alfred Avins, pro se and Donn Devine, Wilmington, Del., for plaintiff.

John P. Sinclair and Somers S. Price, Jr., of Potter, Anderson & Corroon, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

This case is before the Court on the application of plaintiff, Alfred Avins, for a preliminary injunction enjoining the defendant, Widener College, Inc., its officers, agents, employees and those of its subsidiary, Delaware Law School of Widener College, Inc., from taking any action to dismiss the plaintiff from his position as professor of law at Delaware Law School. The motion specifically seeks to restrain the defendant's efforts to dismiss the plaintiff on the following grounds: (1) for advocating unionization of the law school faculty, or (2) for initiating litigation opposing the affiliation of Widener College, Inc. with Delaware Law School, or (3) for publicly criticizing the accreditation procedures of the American Bar Association (ABA) as applied to the Delaware Law School. Plaintiff has also moved for a "temporary" declaratory judgment and preliminary injunction enjoining the defendant from allegedly retaliating against the plaintiff by refusing to fully effectuate his contract rights and declaring the plaintiff not to be in breach of his contract because of his activities.

Plaintiff's complaint seeks monetary damages resulting from the defendant's alleged interference with the plaintiff's contract with Delaware Law School of Widener College, Inc. and specific performance of certain terms in the contract, together with damages resulting from the defendant's delay in fully executing the contract. Alternatively, plaintiff seeks rescission of his contract with Delaware Law School of Widener College, Inc. and reinstitution of an earlier contractual agreement antedating the affiliation with defendant.[1] The defendant has filed an answer with supporting affidavits denying the underlying substantive allegations of the complaint. Both parties have filed memorandum briefs concerning the motion for a preliminary injunction.

By way of background, the Delaware Law School was founded and incorporated in 1971 by the plaintiff, who agreed to act as Dean of the new school. Although plaintiff retired as acting Dean in September 1974, he was allegedly retained as a tenured professor and Dean Emeritus pursuant to a Resolution of the Board of Trustees.[2] In July 1975, Delaware Law School, Inc. entered into an agreement dated June 1, 1975

---

1. The earlier "contract" is a resolution of the Board of Trustees of Delaware Law School on September 8, 1974 which proposed that Avins, following his retirement as Dean, be retained as a tenured professor and also that certain honoraria, see note 2 infra, be awarded in recognition of his services to the school.

2. The Board of Trustees' Resolution was adopted on September 8, 1974. (Docket Item 5, Exhibit C). In addition to making plaintiff Dean Emeritus and a tenured professor, the resolution also refers to certain other honoraria, viz., designation of the library as the Dean Alfred Avins Law Library and the main classroom building Avins Hall, with an appropriate plaque or other exhibition, and the display of a

with Widener College, Inc. by which an affiliation was to be accomplished via a corporate sale involving the purchase by Widener of the one and only outstanding share of Delaware Law School stock, thereby making the law school a wholly-owned subsidiary of Widener.[3] The name of the law school was then changed to the Delaware Law School of Widener College, Inc.

In his capacity as Dean and later trustee and faculty member of the law school, plaintiff actively and openly opposed the affiliation with Widener.[4] Plaintiff also criticized ABA accreditation procedures and advocated unionization of the law school faculty.[5]

Plaintiff contends that in retaliation for these activities the defendant, through its agents and officers, threatens to dismiss him as a member of the law school faculty and as Dean Emeritus and that the defendant has deliberately withheld the honorariums promised under the September, 1974 Resolution of the Board of Trustees of Delaware Law School. Purportedly to preserve the status quo pendente lite, plaintiff moved for a preliminary injunction. Plaintiff also contends that the defendant should be ordered to fully comply with the honors portion of plaintiff's contract because the defendant has admitted part performance of its obligation[6] and the nonperformance of the remaining portion of the obligation causes greater harm to plaintiff than full performance would cause to the defendant.[7]

On the other hand, the defendant contends that the plaintiff has failed to show that he will suffer immediate and irreparable harm or that there is a reasonable likelihood that the plaintiff will ultimately prevail on the merits; and even if plaintiff is successful at trial, an award of money damages, the essential component of the prayer for relief, will adequately compensate him for any injury which he might suffer. The defendant further contends that the disruption of the law school's internal grievance procedure that would result from a preliminary injunction if granted far outweighs any harm which might result if the injunction is denied and the grievance procedure is adverse to the plaintiff. Finally, defendant contends that compelling full compliance with the "honors" portion of plaintiff's alleged contract with the law school would alter, rather than preserve, the status quo pendente lite.

 Because an injunction is an extraordinary remedy, it is axiomatic that the burden is upon the plaintiff movant to show a clear right to such relief. *Dopp v. Franklin Nat'l Bank*, 461 F.2d 873 (C.A. 2, 1972). Such relief will issue only "in a case clearly demanding it" and only upon a showing (1) that the movant will suffer immediate and irreparable harm, for which there is no adequate remedy at law, unless the restraint is granted, (2) that there is at least a reasonable likelihood that the movant will prevail

---

formal portrait of Dean Avins at the school. *Id.*

3. See Docket Item 1, par. 8; Docket Item 4, par. 8 and Exhibit A.

4. Docket Item 5 (Affidavit of Alfred Avins); Docket Item 7 (Affidavit of John F. Cramp, Esq.); Docket Item 9 (Affidavit of Clarence R. Moll). As one example of that opposition, plaintiff and Richard Plechner filed a law suit against Widener challenging the validity of the corporate affiliation with the Delaware Law School in the United States District Court for the Eastern District of Pennsylvania.

5. Docket Item 5 (Affidavit of Alfred Avins).

6. Defendant admits designating the main classroom Avins Hall and the library Alfred Avins Law Library pursuant to a request by law

school students dated August 29, 1974. However, it is not an admission that such action was in response to any alleged obligation to plaintiff flowing from its agreement with the law school or from any earlier contractual agreement plaintiff might have had with the pre-affiliation Delaware Law School. See Docket Item 8 (Affidavit of Arthur A. Weeks); Docket Item 9 (Affidavit of Clarence R. Moll).

7. Plaintiff contends that the obligation to designate a classroom and library in his name includes as an incident thereto the obligation to list the buildings with his designation in various law school publications, *e. g.*, the annual Bulletin and Directory of Law Teachers, and to include his name on law school stationery. Docket Item 5, p. 4.

on the merits, (3) that the movant will suffer greater injury if relief is denied than the other party will suffer if relief is granted, and (4) that neither other interested parties nor the public interest will be substantially harmed if relief is granted. *A. O. Smith Corp. v. F.T.C.*, 530 F.2d 515, 525 (C.A. 3, 1976); *Oburn v. Shapp*, 521 F.2d 142 (C.A. 3, 1975); *Buchanan v. United States Postal Serv.*, 508 F.2d 259 (C.A. 5, 1975).

■ In the present case the complaint and supporting affidavits indicate that the essential relief sought is a judgment for money damages. Plaintiff does not dispute this; nor has he offered any reason why an award of money damages would not adequately compensate him for any injury he might incur as a consequence of the defendant's alleged breach of contract. For the feared injury to be irreparable the movant must show that it "cannot be repaired, retrieved . . . [or] atoned for." *A. O. Smith Corp.*, supra at 525, *quoting Gause v. Perkins*, 3 Jones Eq. 177, 69 Am.Dec. 728 (1857). No such showing has been made here. Analysis of the complaint and supporting papers simply does not indicate an injury of such a peculiar nature that the Court could not fashion a monetary award that would adequately compensate any harm the plaintiff might suffer. *See A.L.K. Corp. v. Columbia Pictures Indus. Inc.*, 440 F.2d 761 (C.A. 3, 1971); 11 Wright & Miller, Federal Practice and Procedure § 2948 at 434–36 (1973). The Court is not satisfied that the plaintiff's alleged harm is irreparable and concludes, therefore, that injunctive relief would be inappropriate.

The Court also points out that it appears undisputed from the record that the law school's internal grievance committee's informal investigation into the existence of grounds to remove plaintiff for cause has not yet reached even the formal stage of dismissal proceedings.[8] Although this threat of injury may become real enough in the future, it does not now impress the Court as sufficiently "immediate" to justify the issuance of the equitable relief sought by the plaintiff. *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614 (C.A. 3, 1969); *N. W. Controls, Inc. v. Outboard Marine Corp.*, 317 F.Supp. 698 (D.Del.1970). The Court is reluctant, therefore, to "exercise this drastic power of injunction by a mere appraisal of affidavits which leave doubt as to whether plaintiff's fears are real and imminent or are speculative and based merely upon apprehension of future injury which may never result." *Worthington Pump and Mach. Corp. v. Douds*, 97 F.Supp. 656, 661 (S.D.N.Y.1951); *accord, Leland v. Morin*, 104 F.Supp. 401 (S.D.N.Y. 1952). The failure of the plaintiff to demonstrate immediate and irreparable harm[9] for which there is no adequate remedy at law unless the injunction is granted is sufficient for denying the requested relief. *Foundry Services, Inc. v. Beneflux Corp.*, 206 F.2d 214 (C.A. 2, 1953).

■ The plaintiff also failed to satisfy the Court that there is a reasonable probability of his eventual success at a trial on the merits. The record is replete with conflicting contentions concerning the contractual relationship between the parties, in-

---

**8.** Docket Items 8 and 9.

**9.** Plaintiff also contends that the threatened dismissal "chills" his First Amendment freedom of speech and, therefore, constitutes irreparable harm. *See, e. g., 414 Theatre Corp. v. Murphy*, 499 F.2d 1155 (C.A. 2, 1974); *Keefe v. Geanakos*, 418 F.2d 359 (C.A. 1, 1969). It is clear from the affidavits and other papers in this case, and the Court is satisfied, that the defendant is a private institution not acting under color of state law and the plaintiff did not dispute the description of defendant's status as a private school at the hearing held September 29, 1976. Accordingly, the cited cases are inapposite. *Compare Grafton v.*

*Brooklyn Law School*, 478 F.2d 1137 (C.A. 2, 1973); *Pendrell v. Chatham College*, 370 F.Supp. 494 (W.D.Pa.1974). Furthermore, it does not appear that the alleged contract between defendant and Delaware Law School, upon which plaintiff bases many of his claims, specifically provides for a right to oppose policies of defendant toward the law school, and the Court declines to accept plaintiff's invitation to imply such a right into that contract. Judicial interpretation of rights and obligations under whatever agreement, if any, actually exists between plaintiff and defendant must await final hearing and a more complete record.

cluding the nonparty Delaware Law School. Plaintiff's contention that a contract between defendant and the law school imposes certain obligations upon defendant in favor of the plaintiff as a third party beneficiary is denied and countered by defendant's assertion that the contract imposes obligations upon the law school, making it—and not defendant—the real party in interest. The defendant also disputes the allegation that it is responsible for the threatened dismissal and breach of plaintiff's contract, contending that the law school has instituted its own grievance procedure to review plaintiff's case. Plaintiff, on the other hand, contends that the grievance procedures were instigated, and are controlled and directed, by defendant and its officials. In addition to the dispute over the scope of plaintiff's rights under the purported contract with the law school, and the conflicting contentions as to whether the agreement has been breached and if so by whom, the record reveals serious legal questions concerning the circumstances, if any, in which defendant might, in fact, be privileged to seek to end, or cause its subsidiary the Delaware Law School to end or not continue, a contractual relationship with the plaintiff. *See, e. g., Alpha Distrib. Co. of California v. Jack Daniels Distillery,* 207 F.Supp. 136 (N.D.Cal.1961), *aff'd* 304 F.2d 451 (C.A. 9, 1961); Prosser on Torts § 129 (4th ed. 1971). Thus, the plaintiff's petition is governed by the rule of this circuit and district that a preliminary injunction will not be granted where the application and affidavits reveal that a plaintiff's contentions as to issues of fact and law are seriously disputed. *N. W. Controls, Inc., supra; Evening News Pub. Co. v. Allied Newspaper Carriers of New Jersey,* 149 F.Supp. 460 (D.N.J.1957), *aff'd* 263 F.2d 715 (C.A. 3, 1959), *cert. denied,* 360 U.S. 929, 79 S.Ct. 1449, 3 L.Ed.2d 1544 (1959); *Fleetway, Inc. v. Public Service Interstate Transp. Co.,* 4 F.Supp. 482 (D.N.J.1933), *aff'd* 72 F.2d 761 (C.A. 3, 1934), *cert. denied,* 293 U.S. 626, 55 S.Ct. 347, 79 L.Ed. 713 (1935).

Finally, plaintiff's request for a preliminary injunction restraining defendant from allegedly withholding certain academic incidents, *i. e.,* "honorariums," under plaintiff's contract would not merely proscribe a course of action but would require the defendant to take affirmative steps. An injunction mandating affirmative action is granted only in those rare instances in which the facts and law are clearly in favor of the moving party. *Dunn v. Retail Clerks Int'l Ass'n, AFL–CIO, Local 1529,* 299 F.2d 873, 874 (C.A. 6, 1962); *W. A. Mack, Inc. v. General Motors Corp.,* 260 F.2d 886, 890 (C.A. 7, 1958). The Court has already pointed to the conflicting contentions surrounding plaintiff's claim in this case and is hesitant, therefore, to grant injunctive relief, especially where it would, at least in part, "give to the plaintiff the actual advantage which would be obtained in a final decree." *W. A. Mack, Inc., supra; Dorfmann v. Boozer,* 134 U.S.App.D.C. 272, 414 F.2d 1168 (1969); *Celebrity, Inc. v. Trina, Inc.,* 264 F.2d 956 (C.A. 1, 1959). In view of the foregoing, and without touching upon the merits of this case as they may develop at trial, the Court will enter an order denying plaintiff's motion for a preliminary injunction.

The above shall constitute the findings of fact and conclusions of law mandated by Rule 52(a), F.R.Civ.P.