■ WM. ROSEN MONUMENTS, INC., Respondent, v PHIL MADONICK MON-UMENTS, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for libel, defendants appeal from an order of the Supreme Court, Kings County, dated March 17, 1977, which granted plaintiff's motion for a preliminary injunction enjoining defendants from displaying an allegedly tortious sign in their shop window and from making certain allegedly tortious statements regarding plaintiff's business establishment. Order reversed, with $50 costs and disbursements, and motion denied. Plaintiff alleges a prima facie tort as the underlying claim in support of the preliminary injunction. However, the affidavits of the opposing parties present conflicting views concerning the key question of evil motive or intent to do harm, proof of which is requisite to the ultimate success of plaintiff's action (see *Beardsley v Kilmer,* 236 NY 80). That issue may not be resolved without a trial at which each side will be able to present evidence. A preliminary injunction is a drastic remedy and should be granted with caution, and only when required by urgent situations or grave necessity, and then upon the clearest evidence *(Russian Church of Our Lady of Kazan v Dunkel,* 34 AD2d 799). Hopkins, J. P., Martuscello, Titone and Rabin, JJ., concur.

■ In the Matter of RAYMOND ALLMENDINGER et al., Constituting the Town Board of the Town of Babylon, Appellants, v HAROLD ZIEGNER et al., Constituting the Zoning Board of Appeals of the Town of Babylon, Respondents-Respondents, and C. DE MASCO SCRAP IRON & METAL CORP., Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Town of Babylon, which granted a special use permit to the intervenor-respondent, petitioners appeal from a judgment of the Supreme Court, Suffolk County, dated September 8, 1977, which dismissed the petition for failure to state a cause of action. Judgment affirmed, without costs or disbursements. It was not necessary for the intervenor to have applied to the zoning board of appeals for a special use permit. Therefore, the board's action in granting the permit need not be reviewed and the petition was properly dismissed (see *Matter of De Masco Scrap Iron & Metal Corp. v Zirk,* 62 AD2d 92). Mollen, P. J., Shapiro and Hawkins, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment and grant the petition, in accordance with the views set forth in his dissenting opinion in *Matter of De Masco Scrap Iron & Metal Corp. v Zirk* (62 AD2d 92).

■ In the Matter of CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., Respondent, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel an increase in petitioner's 1972 rate of reimbursement for services rendered to Medicaid patients, the appeal is from a judgment of the Supreme Court, Queens County, entered July 1, 1977, which, after a hearing held pursuant to a prior order of this court *(Matter of Catholic Med. Center of Brooklyn & Queens v Department of Health of State of N. Y.,* 54 AD2d 933), vacated that rate and directed its recomputation. Judgment reversed, without costs or disbursements, the determination denying petitioner's application for a revision of its 1972 rate of reimbursement is confirmed, and proceeding dismissed. It cannot be said that the commissioner's determination of petitioner's application for an upward revision of its 1972 rates was arbitrary or capricious (see *Matter of St. Lukes Hosp. Center v Ingraham,* 43 NY2d 771, affg 52 AD2d 181). Latham, J. P., Rabin, Gulotta and Cohalan, JJ., concur.