681 P.2d 988

James R. HARRIS and Dian Jannis
Hodge, Plaintiffs-Appellants,

v.

CASSIA COUNTY and J. Weldon Beck,
Norman E. Dayley and Clive Holland in
their official capacities as Members of
the Board of County Commissioners of
Cassia County, Defendants-Respon-
dents.

No. 15012.

Supreme Court of Idaho.

April 23, 1984.

Robert M. Johnson, Idaho Legal Aid Services, Inc., Burley, for plaintiffs-appellants.

Stephen A. Bywater, Deputy Pros. Atty., Cassia County, of Barrus & Bywater, Burley, for defendants-respondents.

DONALDSON, Chief Justice.

The appellants, James R. Harris and Dian Jannis Hodge, filed an action in district court requesting: (1) a declaratory judgment declaring that respondents have an obligation to continue to provide aid to the appellants, as indigents of Cassia County, regardless of whether or not the Cassia County indigent fund has been depleted; (2) injunctive relief enjoining the respondents from terminating county aid to the appellants because the indigent fund for Cassia County has been depleted; and (3) mandamus relief requiring the respondents to continue to provide aid for the appellants. This case is an appeal from the district court's dismissal of all the above counts contained in appellants' complaint.

Appellant James R. Harris is a disabled quadriplegic currently residing at Burley Care Center. Appellant Dian Hodge, disabled due to mental illness and under the care and treatment of the Idaho Department of Health and Welfare, is currently residing at Mountain View Convalescent Center in Kimberly, Idaho. Both appellants receive supplemental security income to provide for their care, and Medicaid to cover their medical expenses. Additionally, both appellants require county assistance to pay for their prescription medications that exceed the $30.00 monthly allotment provided by Medicaid.

Both appellants are provided with medications through their local pharmacy. Each pharmacy totals the amount of medications provided to each appellant during the month, subtracts the monthly allotment provided by Medicaid, and files an application for indigent aid with Cassia County on

behalf of each appellant, to pay for the balance of the medication bill. The applications are then reviewed by the county commissioners at their next regularly scheduled meeting. The commissioners then rule on the appellants' applications as they are submitted pursuant to I.C. § 31–3505.

Burley Rexall Drug Co. filed an application on behalf of appellant Harris on April 6, 1982, which was reviewed by the commissioners on April 11, 1982, and approved and paid on that date. Kimberly Drug Co. filed an application on behalf of appellant Hodge, on March 31, 1982, which was reviewed by the commissioners on April 11, 1982, and approved and paid on that date. On April 12, 1982, the commissioners reviewed the status of current county budgets and determined that there was a cash shortage in the indigent fund. The commissioners notified the above pharmacies of the situation in a letter which stated the following:

"Due to the fact that the money in the Indigent Fund for Cassia County has been depleted, and exhausted, we will be unable to pay for anymore drugs or nursing home care until a new budget for the 1982–1983 fiscal year is in force. This will not be until October 1982. Please make other arrangements to pay for your nursing home care or for your drugs. This is effective immediately."

On May 28, 1982, appellants filed a class-action suit on behalf of themselves and all others similarly situated, a motion for an order of class certification, and motions for declaratory, injunctive and mandamus relief, as noted previously.

In June, 1982, additional funds became available for the county's use in the indigent fund. Appellants and other applicants were so advised. Subsequently, appellant Harris submitted an application to the county commissioners for indigent aid and a bill for his prescription medications for the months of April, May and June. Each application and bill was reviewed, approved and paid in full by the commissioners. Appellant Hodge's applications and bills for the months of April, May and June

had been kept current monthly, despite the letter of termination. In sum, at the commencement of this litigation, neither appellant had a pending application before Cassia County for indigent aid.

After oral argument on the appellants' motions for declaratory, injunctive, and mandamus relief, and on respondents' motion to dismiss, the trial court entered its Findings of Fact and Conclusions of Law which stated:

"6. This action was filed May 28, 1982. From then until mid June, some ten to twenty days, there existed a justiciable controversy in this case. However, it became moot when these two named plaintiffs no longer had a claim of right against the defendants.

"7. No injunctive relief is authorized.

"8. No declaratory judgment is appropriate.

"9. No class action certification will issue.

"10. Plaintiffs' action in all its facets will be dismissed."

Judgment of dismissal was entered, whereupon appellants filed a Motion to Alter or Amend the Judgment. The district court entered its order denying this motion, and this appeal ensued.

I.

The first issue before this Court is whether the district court erred in dismissing appellants' action for declaratory judgment which would have established respondents' obligation to continue to provide county indigency benefits, regardless of whether or not the indigent fund is depleted.

The Idaho courts are clearly authorized to make judicial declarations under I.C. § 10–1201 which provides that:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is

prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

*See also* I.R.C.P. 57.

■ As a general rule, a declaratory judgment can only be rendered in a case where an actual or justiciable controversy exists. *Brown v. Oregon State Bar*, 293 Or. 446, 648 P.2d 1289 (1982); *Kahin v. Lewis*, 42 Wash.2d 897, 259 P.2d 420 (1953); *Washakie County School District Number One v. Herschler*, 606 P.2d 310 (Wyo. 1980).

■ While the elements of an actual or justiciable controversy are not subject to a mechanical standard, the United States Supreme Court aptly summarized the pivotal elements of a justiciable controversy in *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

"A 'controversy' in this sense must be one that is appropriate for judicial determination.... A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot.... The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

300 U.S. at 240–41, 57 S.Ct. at 464 (citations omitted). *See also Sanchez v. City of Santa Fe*, 82 N.M. 322, 481 P.2d 401 (1971); *Cummings Construction Co. v. School District No. 9*, 242 Or. 106, 408 P.2d 80 (1965); *Brown v. Oregon State Bar, supra*. We believe this federal standard provides a concise guideline for our analysis, and therefore, we will apply these criteria in conjunction with pertinent Idaho case law cited *infra*.

The appellants herein, are current recipients of county indigency benefits. They are not posing an academic or hypothetical question. The controversy over appellants' claim of right to receive county indigency benefits even if the fund is depleted, is definite and concrete, touching the legal relations of the parties herein, who have adverse legal interests. Moreover, this controversy is real and substantial.

Respondents contend appellants' premature institution of this legal action and the concomitant lack of a justiciable controversy clearly authorized the trial judge to exercise his discretion in dismissing appellants' request for declaratory relief. Respondents contend that a complaint which alleges that a defendant is contemplating a future action, or which alleges that notice has been given of an intended future action, does not entitle one to declaratory relief on the grounds of prematurity. Respondents argue that until appellants show that they had an accrued right to specific actions on the part of the county and that the county failed to take such action, there is no justiciable controversy. We do not agree.

Appellants' legal action was not premature. First, the letter of April 12, 1982, was not a notice of intended action. The respondents terminated appellants' county assistance "effective immediately" by mailing letters to appellants' pharmacists advising that respondents would not pay for any more drugs until the end of the current fiscal year, and that appellants would have to make other arrangements. Furthermore, the termination of benefits on April 12, 1982, was the second consecutive fiscal year that the commissioners had terminated Harris's benefits for the reason that the indigent fund was depleted.

■ Moreover, appellants do not have to demonstrate an accrued right to a specific action to be taken by the county as a prerequisite to obtaining declaratory relief. This Court previously stated that the right sought to be protected by a declaratory judgment "may invoke either remedial or preventive relief; it may relate to a right that has either been breached or is only yet in dispute or a status undisturbed but

threatened or endangered; but, in either or any event, it must involve actual and existing facts." *State ex rel. Miller v. State Board of Education*, 56 Idaho 210, 217, 52 P.2d 141, 144 (1935); *cited with approval in Wood v. Class A School District No. 25*, 78 Idaho 75, 298 P.2d 383 (1956); and, *quoted in Ayers v. General Hospital, Inc.*, 67 Idaho 430, 434, 182 P.2d 958, 959 (1947); *Whitney v. Randall*, 58 Idaho 49, 59, 70 P.2d 384, 388 (1937).

We have also stated that a declaratory judgment must clarify and settle the legal relations in issue, and afford relief from the uncertainty and controversy which gave rise to the action. *Sweeney v. American National Bank*, 62 Idaho 544, 115 P.2d 109 (1941). A declaratory judgment in the present case would clarify whether the commissioners have a legal obligation to provide county assistance to claimants under Idaho indigency statutes if, and when, the indigent fund is depleted, and remove any uncertainty over whether the county assistance may again be terminated. Accordingly, we hold that the district court's dismissal of appellants' action for declaratory relief was improper, and we reverse and remand this issue for further consideration. On remand, the trial court is instructed to accept appropriate evidence which the parties may submit on this issue.

## II.

Appellants further requested a preliminary injunction to restrain the respondents from terminating county aid to the appellants because the indigent fund for Cassia County had been depleted, and further requested the court to make the preliminary injunction permanent upon the completion of the action. We next address whether the district court erred in dismissing appellants' request for injunctive relief. Injunctive relief is not granted as a matter of discretion by the district court. *Harris v. Preston-Whitney Irrigation Co.*, 92 Idaho 398, 443 P.2d 482 (1968); *Farm Service, Inc. v. United States Steel Corp.*, 90 Idaho 570, 414 P.2d 898 (1966). The court which is to exercise the discretion is the trial

court and not the appellate court, and an appellate court will not interfere absent a manifest abuse of discretion. *Milbert v. Carl Carbon, Inc.*, 89 Idaho 471, 406 P.2d 113 (1965); *Western Gas & Power of Idaho, Inc. v. Nash*, 75 Idaho 327, 272 P.2d 316 (1954). Under the circumstances of the present case, the trial court did not abuse its discretion in denying the injunctive relief that appellants requested.

I.R.C.P. 65(e) specifies the grounds for issuance of a preliminary injunction. This rule states that a preliminary injunction may be granted in the following cases:

"(1). When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of the acts complained of, either for a limited period or perpetually.

"(2). When it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury to the plaintiff.

"(3). When it appears during the litigation that the defendant is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual.

"(4). When it appears, by affidavit, that the defendant during the pendency of the action, threatens, or is about to remove, or to dispose of his property with intent to defraud the plaintiff, an injunction order may be granted to restrain the removal or disposition.

"(5). A preliminary injunction may also be granted on the motion of the defendant upon filing a counterclaim, praying for affirmative relief upon any of the grounds mentioned above in this section, subject to the same rules and provisions provided for the issuance of injunctions on behalf of the plaintiff.

"(6). The district courts, in addition to the powers already possessed, shall have power to issue writs of injunction for

affirmative relief having the force and effect of a writ of restitution, restoring any person or persons to the possession of any real property from the actual possession of which he or they may be ousted by force, or violence, or fraud, or stealth, or any combination thereof, or from which he or they are kept out of possession by threats whenever such possession was taken from him or them by entry of the adverse party on Sunday or a legal holiday, or in the nighttime, or while the party in possession was temporarily absent therefrom. The granting of such writ shall extend only to the right of possession under the facts of the case, in respect to the manner in which the possession was obtained, leaving the parties to their legal rights on all other questions the same as though no such writ had issued: provided, that no such writ shall issue except upon notice in writing to the adverse party of at least five (5) days of the time and place of making application therefor."

■ One who seeks an injunction has the burden of proving a right thereto, *Lawrence Warehouse Co. v. Rudio Lumber Co.*, 89 Idaho 389, 405 P.2d 634 (1965), and, based on the evidence presented herein, appellants have not carried their burden of proof as to any of the enumerated grounds under I.R.C.P. 65(e). First, as to I.R.C.P. 65(e)(1) appellants did not demonstrate that based on their complaint, they were entitled to the relief they demanded, and as such were likely to prevail at trial. The substantial likelihood of success necessary to demonstrate that appellants are entitled to the relief they demanded cannot exist where complex issues of law or fact exist which are not free from doubt. *First National Bank & Trust Co. v. Federal Reserve Bank*, 495 F.Supp. 154 (W.D.Mich. 1980); *Avins v. Widener College, Inc.*, 421 F.Supp. 858 (D.Del.1976) (not granted where issues of fact and law are seriously disputed); *Wm. Rosen Monuments, Inc. v. Phil Madonick Monuments, Inc.*, 62 A.D.2d 1053, 404 N.Y.S.2d 133 (N.Y.App. Div.1978) (granted only upon the clearest evidence). Appellants' claim of right in this case is not one which is free from doubt and, accordingly, we hold that appellants have not carried their burden of proof under I.R.C.P. 65(e)(1).

Neither have appellants carried their burden of proof under I.R.C.P. 65(e)(2). We have previously stated that "a preliminary mandatory injunction is granted only in extreme cases where the right is very clear and it appears that irreparable injury will flow from its refusal." *Evans v. District Court of the Fifth Judicial District*, 47 Idaho 267, 270, 275 P. 99, 100 (1929); *quoted in Farm Service, Inc. v. United States Steel Corp.*, 90 Idaho 570, 587, 414 P.2d 898, 907 (1966). The district court's findings state that: "[t]he evidence clearly indicates that neither of the named plaintiffs nor, for that matter, any of the other proposed plaintiffs whose records were presented are in danger of any irreparable damage." We agree. The evidence indicated that the April 12, 1982, action of the board of county commissioners of Cassia County had been reversed and brought current prior to argument on appellants' motion for the preliminary injunction. In fact, at the time of oral argument, neither appellant had a pending or unpaid application before Cassia County for indigent aid.

I.R.C.P. 65(e)(3), (4), (5), and (6) are inapplicable to this case, and because appellants have not carried their burden as to I.R.C.P. 65(e)(1) or (2), we affirm the trial court's dismissal of appellants' request for injunctive relief.

### III.

We do not address whether appellants' request for a writ of mandate should have been granted. Such an order necessarily rests upon the resolution of whether appellants indeed have a claim of right to receive county indigency funds regardless of whether or not the indigent fund for Cassia County has been depleted. Because we have remanded this issue to the trial court for further consideration, we do not pass on the validity of a writ of mandate.

## IV.

Respondents assert that a separate basis justifies the decision of the trial court to dismiss appellants' complaint; *i.e.*, appellants' failure to exhaust the administrative remedy provided in I.C. § 31-3505. Respondents contend the exhaustion of this administrative remedy is a jurisdictional prerequisite in this case. Based on the circumstances of this case, we do not agree.

 I.C. § 31-3505 reads as follows:

"**Denial of Application—Appeal.**—If the board of county commissioners fails to act upon an application within sixty (60) days from the receipt of said application, it shall notify the applicant in writing, or upon its failure to give notice within said time, the application shall be deemed approved, and the applicant entitled to payment as if said application had been approved.

"If the application is denied, the applicant may request a hearing before the board of county commissioners. The applicant shall be entitled to judicial review of the decision of the board, in substantially the manner provided in the administrative procedures act, chapter 52, title 67, Idaho Code."

This remedy pertains to the denial of an individual's application for indigency aid. There has never been a denial of an application for indigency aid in this case. Respondents concede in their brief that at the time this action was filed, neither appellant had a pending application for indigency aid before Cassia County, nor has any application filed on behalf of either appellant been refused payment from any time prior to, or since commencement of, this litigation. The letters of termination were not the denial of an application, rather they were a termination notice. In fact, appellants never contested a denial of an application for county assistance. Rather, appellants contested the attempted termination of all county assistance for the remainder of the 1981–82 fiscal year. As such, we hold appellants were not required to exhaust the remedy contained in I.C. § 31-3505 as a jurisdictional prerequisite to maintaining this case.

Affirmed in part, reversed in part, and remanded.

Costs on appeal to appellants.

No attorney fees on appeal.

BISTLINE and HUNTLEY, JJ., concur.

BAKES, J., concurs in the result.

SHEPARD, J., dissents without opinion.