133 P.3d 1232

Glen A. SCHNEIDER, as Trustee of the
Glen A. Schneider Revocable Trust,
Plaintiff–Respondent,

v.

Montie HOWE and Chris Howe, husband
and wife, Defendants–Appellants.

No. 30248.

Supreme Court of Idaho,
Boise, February 2006 Term.

April 11, 2006.

Robert L. Crowley, Jr., Rigby, argued for appellants.

Rigby, Thatcher, Andrus, Rigby & Moeller, Chtd., Rexburg, for respondent. Gregory W. Moeller argued.

BURDICK, Justice.

This matter involves a dispute over the existence of a roadway easement in Jefferson County. Respondent Glen A. Schneider as trustee of The Glen A. Schneider Revocable Trust (Schneider) sought a declaratory judgment that a public road easement existed over a portion of the Spencer subdivision (the subdivision) as shown on the plat of the subdivision. The case comes to this Court on appeal from the judgment of the district court confirming the existence of the easement. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1978 the plat for the subdivision was approved and recorded in Jefferson County. This plat identifies a "road easement" and dedicates the easement to perpetual public use. Schneider owns property directly to the

south of the subdivision. If developed, the easement would extend an existing roadway to connect with Schneider's property. In 1995 the Appellants, Montie and Chris Howe (the Howes), bought a lot in the subdivision. A portion of the easement crosses the Howe lot, and the Howes' deed indicates that the property is subject to all easements. The following year, the Howes built a garage, but did not obtain a building permit until nearly two years after the garage was complete and after Schneider had contacted them regarding the development of the easement.

Following his wife's death, Schneider probated her estate and became aware of the plat of the subdivision providing an easement that leads directly to his real property. Considering subdividing his property, Schneider met with the Howes to discuss the possibility of Schneider using the easement. The Howes and their neighbors, the Davises, refused to consider removing the obstructions located on the easement.[1]

After these negotiations failed, Schneider filed a complaint. He sought a declaratory judgment clarifying the respective rights and obligations of the parties and declaring his right to use the roadway easement; he also sought an injunction requiring the Howes to remove the garage located on the easement. The Howes filed a motion for summary judgment, but the district court denied this motion and granted Schneider's request for a declaratory judgment affirming the existence of the easement.

While this case was pending, the Howes and other homeowners in the subdivision petitioned Jefferson County to vacate the easement. The county refused their request, and the homeowners sought judicial review of that matter in district court. That case is still pending, having been stayed during the instant appeal. Although the district court stayed various matters in both this case and the appeal of the county's refusal to vacate the easement, ultimately it entered a final judgment in this matter. Its final judgment confirmed the existence of a public road easement shown on the duly recorded plat of the subdivision, and stated: "[Schneider],

having established the existence of the public road easement confirmed herein, is entitled to use it as a public roadway following its development in accordance with county specification." It is from this judgment that the Howes appeal.

## II. ISSUES ON APPEAL

1. Are the issues of whether the Jefferson County Zoning Regulations prohibit the development of the easement and whether the easement be allowed to interfere with the Howes' garage properly before this Court?

2. Does this case present a justiciable controversy?

3. Did the district court err in denying the Howes' motion for summary judgment and in granting declaratory judgment for Schneider?

4. Did the district court err in not setting forth a specific legal description of Schneider's property and the easement in its order?

5. Is either party entitled to attorney's fees and costs on appeal?

## III. STANDARD OF REVIEW

The standard of review on appeal from an order granting summary judgment is the same standard as that used by the district court in ruling on the motion for summary judgment. *Tolley v. THI Co.,* 140 Idaho 253, 259, 92 P.3d 503, 509 (2004). Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* I.R.C.P. 56(c). The facts will be liberally construed and all inferences will be drawn in favor of the non-moving party. *Id.* This Court reviews the record before the district court, including the pleadings, depositions, admissions and affidavits, if any, to determine de novo whether, after construing the facts in the light most favorable to the nonmoving party, there exist any genuine issues of material fact. *Tusch En-*

---

1. The Davis property includes trees planted over the location of the easement as shown on the plat. However, the Davises failed to file an answer and default was entered against them.

*ters. v. Coffin,* 113 Idaho 37, 40, 740 P.2d 1022, 1026 (1987); I.R.C.P. 56(c).

 Whether a district court abused its discretion is a three-pronged inquiry to determine whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with the legal standards applicable to the specific choices before it; and (3) reached its decision by an exercise of reason. *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.,* 139 Idaho 761, 765, 86 P.3d 475, 482 (2004). A district court's exercise of discretion will be upheld absent a showing of abuse of discretion. *W. Wood Invs. v. Acord,* 141 Idaho 75, 82, 106 P.3d 401, 408 (2005).

 This Court exercises free review over questions of law. *See, e.g., Mut. of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995).

## IV. ANALYSIS

The Howes raise several issues for this Court to consider. First, they contend that this was not a justiciable controversy. Additionally, they argue that the district court should have applied their equitable defenses and granted their motion for summary judgment. They also assert that the district court erred by not describing the easement in its final order. Next, they argue that certain Jefferson County Zoning regulations actually prohibit the development of the easement and that the easement should not be permitted to interfere with their garage. Finally, both parties assert that they are entitled to attorney's fees on appeal. We will address each of these issues, although not in the order presented by the Howes.

**A. Are the issues of whether the Jefferson County Zoning Regulations prohibit the development of the easement and whether the easement should be allowed to interfere with the Howes' garage properly before this Court?**

The Howes argue that certain sections of the Jefferson County Subdivision Regula-

tions prohibit using the easement as a roadway. The Howes also argue that the easement should not be permitted to interfere with their garage. To allow this, they claim, would result in unreasonable economic waste, particularly in light of the fact that they have been issued a building permit for the garage. Schneider contends the Howes never brought the issue of the zoning regulations before the district court, so this Court cannot consider it. Schneider also contends that the Howes' argument about the destruction of their garage ignores the economic waste of blocking the easement and ignores that there are alternatives to destroying the garage.

It has long been the law in Idaho that "county commissioners have exclusive jurisdiction over the [construction of] highways within their county outside of highway districts" and that highway districts have exclusive jurisdiction over the construction of highways in highway districts. *Baker v. Gooding County,* 25 Idaho 506, 514, 138 P. 342, 345 (1914); *see also* I.C. §§ 40–604(1); 40–1310(1). Such jurisdiction includes the power to open highways. I.C. §§ 40–604(2); 50–1330.[2]

Here, the County is not a party to the lawsuit, and while the commissioners have expressed their intention to make use of the easement as a roadway, there have been no decisions by them to begin actual development of the easement or requiring the Howes to remove their garage. Additionally, when ruling from the bench, the district court acknowledged that it could not order the Howes to remove their garage. Moreover, in its final written order, the district court stated that "it is for the County to decide how much or how little of the easement shall be used as a roadway." Clearly, then, there is nothing in the record requiring the Howes to remove their garage, nor is their anything in the record which indicates that the County has violated its own subdivision regulations by developing the easement.

---

2. The record does not reflect whether there is in existence a highway district. Therefore, for purposes of this opinion, we will assume the County had jurisdiction over the easement, while recognizing that a highway district might instead have jurisdiction. However, our reasoning applies equally to the County or highway district there.

As such, these issues are not properly before the court, and any decision regarding whether the easement should be opened and developed as a roadway is left to the sound discretion of the county or highway district, whichever has jurisdiction.

## B. Does this case present a justiciable controversy?

 Although the Declaratory Judgment Act, Idaho Code Title 10, chapter 12, bestows the authority to declare rights, status, or other legal relations, that authority is circumscribed by the rule that "a declaratory judgment can only be rendered in a case where an actual or justiciable controversy exists." *Harris v. Cassia County*, 106 Idaho 513, 516, 681 P.2d 988, 991 (1984). Generally, justiciability questions are divisible into several sub-categories: advisory opinions, feigned and collusive cases, standing, ripeness, mootness, political questions and administrative questions. *See Miles v. Idaho Power Co.*, 116 Idaho 635, 639, 778 P.2d 757, 761 (1989). Here, the Howes have only raised standing and ripeness. Each will be examined in turn.

### 1. Standing

 The Howes argue that Schneider lacks standing to claim the use or benefits of the easement because all easements must serve a dominant estate and Schneider doesn't own the dominant estate; instead, they continue, the subdivision is the dominant estate. The Howes also assert that because Schneider's land is not landlocked he does not need the use of the easement and he has no standing to claim the use or benefit of the easement. Schneider replies that he has standing because his property is connected to the subdivision by the easement, "there is obviously an interest which creates standing[ ]" and cites to Idaho Code § 10–1202. Schneider also asserts that he has standing because all citizens of Jefferson County have standing to prevent parties from obstructing county-owned easements.

 The Howes' first argument misconstrues the nature of Idaho law and this easement. First, not all easements must serve a dominant estate under Idaho law. This Court recognizes easements in gross which do not attach to property. *Hodgins v. Sales*, 139 Idaho 225, 230, 76 P.3d 969, 974 (2003); *King v. Lang*, 136 Idaho 905, 909, 42 P.3d 698, 702 (2002). The Court also recognizes public easements. *See Bentel v. Bannock County*, 104 Idaho 130, 133, 656 P.2d 1383, 1386 (1983) (discussing a public prescriptive easement). Here, the plat of the subdivision "give(s), grant(s) and dedicate(s) to the public for perpetual public use of all easements and streets." Indeed, the district court determined the easement was a public easement and that it "was created for the public's benefit, not just the lot owners in the Spencer subdivision." The Howes have not argued that the easement was not granted to the public use. As such, the argument that Schneider does not have standing because he does not own the dominant estate is disingenuous and ignores the record in this case.

 Second, the Declaratory Judgment Act provides authority for the courts to render declaratory judgments. *State v. Rhoades*, 121 Idaho 63, 69, 822 P.2d 960, 966 (1991). However, the Declaratory Judgment Act does not relieve a party from showing that it has standing to bring the action in the first instance. *Selkirk–Priest Basin Assoc., Inc. v. State ex rel. Batt*, 128 Idaho 831, 834, 919 P.2d 1032, 1035 (1996). "It is a fundamental tenet of American jurisprudence that a person wishing to invoke a court's jurisdiction must have standing." *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 125, 15 P.3d 1129, 1132 (2000). "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles*, 116 Idaho at 641, 778 P.2d at 763. In order to satisfy the requirement of standing, the petitioners must "allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Id.* Standing may be predicated upon a threatened harm as well as a past injury. *Harris*, 106 Idaho at 516, 681 P.2d at 991.

Based on these standards, Schneider has established he has standing to seek a declaratory judgment regarding the existence of the easement as shown in the plat because he

has alleged a future injury. His affidavit establishes that he is seeking to subdivide his property and the easement offers the only possible access route for ingress and egress for a potential subdivision. Without confirmation of the existence of the easement, Schneider would have to go through a lengthy and expensive process to determine if his property could be subdivided with no confirmation that the proposed subdivision would have access. By seeking a declaratory judgment, Schneider avoids this harm and can be assured that one requirement for subdividing his property has been met prior to expending resources on designing the plat. Therefore, we hold that Schneider has standing to seek a declaratory judgment because he has demonstrated a specific future injury, and need not decide whether he has standing by virtue of being a citizen of Jefferson County.

### 2. Ripeness

The Howes assert that Schneider's claim is not ripe for review because his land is currently zoned as agricultural land and he has not submitted the proper applications to have the zoning changed or submitted a subdivision plat to the County. Schneider concedes that he has not applied to change the zoning or submitted a subdivision plat. However, he contends that his claim is ripe because the Declaratory Judgment Act allows parties with an interest in a potential legal determination to seek redress regardless of whether they can seek further relief and because he suffered harm the moment the Howes refused to let him use the easement.

Ripeness asks whether court action is necessary at the present time. *Boundary Backpackers v. Boundary County,* 128 Idaho 371, 376, 913 P.2d 1141, 1146 (1996).

> Declaratory judgments by their very nature ride a fine line between purely hypothetical or academic questions and actually justiciable cases. Many courts have noted that the test of justiciability is not susceptible of any mechanistic formulation, but must be grappled with according to the specific facts of each case.

*State v. Rhoades,* 119 Idaho 594, 598, 809 P.2d 455 459 (1991). "Generally, in determining whether to grant a declaratory judgment, the criteria is whether it will clarify and settle the legal relations at issue, and whether such declaration will afford a leave from uncertainty and controversy giving rise to the proceeding." *Miles,* 116 Idaho at 642, 778 P.2d at 764 (quoting *Sweeney v. American Natl. Bank,* 62 Idaho 544, 115 P.2d 109 (1941)). If deferring the adjudication "would add nothing material to the legal issues presented" so that a court will be in no better position in the future and if a declaration of the rights of parties will "certainly afford a relief from uncertainty and controversy in the future" the case may be presently ripe for adjudication. *Id.*

Here, Schneider has asked the district court to determine the existence of an easement as it appears in a plat. Delaying the adjudication would add nothing material to the litigation and a court would be in no better position to decide the existence of the easement. A declaration regarding the existence of an easement will afford both Schneider and the Howes relief from uncertainty and controversy in the future. Additionally, local governmental entities often do not want to become involved in pending lawsuits. The County may be reluctant to approve any subdivision requested by Schneider that would use the road easement in question as long as there is a controversy about the existence of the easement. Therefore, the issue is ripe.

### C. Did the district court err in denying the Howes' motion for summary judgment and in granting declaratory judgment for Schneider?

In addition to their justiciability arguments, the Howes claim that the district court erred in denying their motion for summary judgment and granting Schneider equitable relief. They invite the Court to determine that Schneider is barred from establishing the existence of the easement and having the Howes' garage removed by four different theories: laches, equitable estoppel, quasi-estoppel and waiver.

None of the equitable defenses raised by the Howes have any merit. Schneider's conduct is not relevant to the existence of the easement. The easement is owned by the County, not by Schneider. Nothing he did or failed to do could constitute an estoppel or waiver with respect to the County. As to the County itself, the Howes have not alleged anything that would constitute an estoppel or waiver. As we stated in *Rich v. Burdick,* 83 Idaho 335, 345, 362 P.2d 1088, 1094 (1961):

> Possession and use of an unused portion of a highway by an abutting owner is not adverse to the public and cannot ripen into a right or title by lapse of time no matter how long continued. Nor does such possession and use, even though by express permission of the public authority, work an estoppel against the public use. Even in the case of a highway established by user, all portions of the highway right of way need not be maintained and kept up at public expense. In *Boise City v. Sinsel, supra* [72 Idaho 329, 241 P.2d 173 (1952)], we held that an abutting owner who erected and maintained a building on a portion of a public street under a permit granted by the city council, for a period of 25 years, did not acquire a right to such occupancy, and that the city was not estopped to cancel the permit and require the removal of the building.

Therefore, we affirm the result reached by the district court, although under different reasoning.

**D. Did the district court err in not setting forth a specific legal description of Schneider's property and the easement in its order?**

 The Howes present two arguments regarding property descriptions. First, they contend Schneider's property is not sufficiently described to identify the purported dominant estate served by the easement.[3] They contend the legal description is vague and ambiguous. Second, the Howes object to the fact that the district court failed to set forth a legal description of the easement. Schneider contends that the Howes' argu-

ment regarding the description of his property has no legal bearing on whether the easement is valid, that an exact legal description of the property is set forth in his deeds that have become part of the record, and that he has never claimed that the easement was granted to him, only to the county. Schneider does not respond to the Howes' contention that the district court erred by not describing the easement.

As to the Howes' argument regarding the description of Schneider's land, the argument assumes that Schneider is seeking ownership of the easement. However, such is not the case. Schneider has instead sought a judicial declaration as to the existence of an easement shown on the plat and dedicated to the public. Both below and on appeal he asserts that the easement belongs to the county and he is only claiming a benefit, not unique to him, by virtue of the easement. He has maintained this position throughout the litigation, and the district court determined that the easement was created to benefit the public. The existence of the easement does not depend on the legal description of Schneider's land, so the district court's final order and judgment is not deficient.

 As to the argument regarding the description of the easement, it is well settled under Idaho law that any judgment determining the existence of an easement must also specify the character, width, length and location of the easement. *Id.* This Court does not hesitate to remand cases because of an inadequacy in the district court's description of an easement. *See id.* However, based on the facts before the Court, there is no need to apply this rule. A description of the easement is contained in the duly recorded plat which specifies its character, width, length and location. This description is already a matter of public record, and there is simply no need to remand to have the district court include a description in its final order.

**E. Attorney's Fees and Costs**

The Howes contend that they are entitled to attorney's fees pursuant to I.C. §§ 12–121

---

3. This is in contradiction to the Howes' earlier argument regarding standing, where they assert that the subdivision is the dominant estate.

and 10–1210. Schneider contends that he also is entitled to attorney's fees pursuant to I.C. § 12–121.

 Idaho Code § 10–1210 permits a court to award costs when it is equitable and just. Here, the Howes have not prevailed, so an award of costs to them would not be equitable and just. Additionally, Idaho Code § 12–121 allows the award of attorney's fees to the prevailing party. Since this Court affirms the decision below, Howe is not the prevailing party and is not awarded attorney's fees.

Schneider also is not awarded attorney's fees in this matter. An award under I.C. § 12–121 is appropriate if the Court is left with the abiding belief that the appeal was brought or defended frivolously, unreasonably or without foundation. *Natl. Union Fire Ins. Co. of Pittsburgh, P.A. v. Dixon,* 141 Idaho 537, 542, 112 P.3d 825, 830 (2005). Howe did not bring the appeal frivolously, unreasonably and without foundation, and we decline to award Schneider attorney's fees.

## V. CONCLUSION

We affirm. The Howes claims regarding whether the development of the easement would violate certain Jefferson County Subdivision Regulations and whether requiring them to remove their garage are not properly before this Court. As to the justiciability claims, we hold that Schneider has standing because he has demonstrated a future injury and that the issue is ripe because further delay will add nothing to the determination of the existence of the easement. As to the Howes' equitable defenses, we affirm because none of the defenses have any merit. Additionally, because the description of the easement is contained in a duly recorded plat, we need not remand for the district court to include a description in its final order. Costs to Respondent.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.

