OPINION OF THE COURT
Jones, J.
The pre-emptive provisions of ERISA govern the judicial determination of breach of fiduciary duty claims against the trustees of an employee welfare benefit plan within the embrace of that Act and preclude actions in State courts for the enforcement of such claims. Accordingly, where such a plan has brought an action in our State courts against its accountants and consultants for their alleged failure to detect and report substantial misappropriations by the administrator of the plan, our courts are foreclosed from entertaining claims over by the accountants and consultants against the individual trustees of the plan for contribution or indemnity based on allegations that breach of their fiduciary duties by the trustees contributed to the losses sustained by the plan.
In the initial action, Retail Shoe Health Commission, a collectively bargained, multiemployer, jointly administered Welfare Fund (Fund), and the individual trustees of the Fund sought to impose liability on Reminick, Aarons & Company, a partnership, and its individual partners on the theory that as public accountants and auditors of the Fund they had failed and neglected to detect and report the misappropriation by Jerome Simon, the administrator of the Fund, of some $675,000 of Fund assets. Reminick then served a third-party complaint against the trustees individually and Tolley International Corporation (which had *177 been engaged by the Fund to provide actuarial and consulting services), seeking judgment over by way of contribution or indemnity or both. Tolley thereupon served counterclaims against Reminick, the Fund and the trustees individually as well as a cross claim against the trustees individually, all similarly seeking contribution or indemnification or both.
The individual trustees moved to dismiss the third-party complaint of Reminick and the counterclaim and cross claim of Tolley on the ground that the court lacked subject matter jurisdiction of the claims and that Tolley lacked standing to sue. The theory of the motion to dismiss was that the various claims against the individual trustees were governed and controlled by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA, 88 US Stat 829, US Code, tit 29, § 1001 et seq.) and that dismissal was mandated to give effect to the resulting Federal pre-emption.
Supreme Court denied the motion to dismiss, holding that ERISA does not pre-empt State law when a vital State interest is involved and is tangential to the employee benefit plan and that the stated causes of action for contribution and indemnification came within such exception. The Appellate Division affirmed, without opinion, and granted the individual trustees leave to appeal to our court on a certified question. We reverse.
Inasmuch as it is undisputed that the Fund is an employee welfare benefit plan within the embrace of ERISA (ERISA, § 3, subd [1], US Code, tit 29, § 1002, subd [1]), resolution of the issues posed on this appeal turns on the effect the provisions of ERISA have on the claims here sought to be dismissed.
We start with the ineluctable premise that the Federal law pre-empts State regulation of ERISA employee benefit plans. The Act provides expressly that its provisions shall supersede all State laws insofar as they may relate to any employee benefit plan within its embrace.[1] The individual *178 trustees are fiduciaries within the meaning of subdivision (21) of section 3 of ERISA (US Code, tit 29, § 1002, subd [21]) and the gravamen of the claims of both Reminick and Tolley against them is breach of fiduciary duties (i.e., that the trustees should have known of the embezzlements and defalcations of Simon, that they permitted and condoned his misconduct, that by acts of omission and commission they participated in that misconduct, that they breached their obligation to report such misconduct, and in general that they are liable in consequence of breaches of duty, want of due care, and other fault). As a matter of substantive law, the nature and scope of the duties and liability of the trustees in this regard are determinable under the provisions of ERISA (e.g., ERISA, §§ 404, 405, 409, US Code, tit 29, §§ 1104, 1105, 1109). It is substantive claims of just this character that fall squarely within the scope and thus the of ERISA.
The question then arises as to whether these claims may be asserted in a State court action such as the present. Here again, it is the provisions of ERISA which are determinative. Subdivision (e) of section 502 of ERISA (US Code, tit 29, § 1132, subd provides that the District Courts of the United States shall have exclusive jurisdiction over civil actions arising under ERISA (with an exception not now pertinent). Accordingly, we are obliged to conclude that the present claims asserted by Reminick and Tolley against the trustees may not be entertained in our State courts.
Reminick and Tolley argue that because they do not come within the literal terms of subdivision (a) of section *179 502 of ERISA,[3] which lists the persons empowered to bring a civil action under the Act, the Congress cannot have intended that ERISA would preclude their claims. This argument is wide of the mark. Inasmuch as ERISA preempts all claims based on alleged breach of fiduciary duty on the part of ERISA trustees and vests jurisdiction for their enforcement exclusively in the Federal courts, the circumstance that persons in the outboard position of Re-minick and Tolley may have no statutory standing to bring such an action under the Federal regulatory scheme is merely an aspect of that scheme. If there is a deficiency or inequity in the scope of subdivision (a) of section 502, it is attributable to the Act itself and any petition for remedy or correction must be addressed to the Congress.
The same response must be made to the arguments of Reminick and Tolley that they are entitled to assert their claims for contribution and indemnity under State law (e.g., CPLR art 14; Dole v Dow Chem. Co., 30 NY2d 143) in our State courts. The State laws in this regard, too, have been superseded and the claims pre-empted under ERISA (cf. Michota v Anheuser-Busch, Inc., Nos. 76-193, 77-2543 [DCNJ, decided Oct. 7, 1983, unpublished opn]).
Finally, Tolley argues that there should at least be no dismissal of its claims against the individual trustees to the extent that they arise out of transactions which took place prior to January 1,1975, the effective date of ERISA. It is accurate to say, of course, that ERISA pre-emption does not apply with respect to any act or omission which occurred prior to that date (ERISA, § 514, subd [b], par [1], US Code, tit 29, § 1144, subd [b], par [1]). Tolley did not, *180 however (nor did the Fund and the individual trustees in the initial action) plead claims based on pre-1975 transactions separately or seek discrete relief with respect thereto; Tolley’s pleading of all claims is lumped in a single cause of action which must stand or, in this instance, fall as a unit. Nevertheless, our dismissal of Tolley’s pleadings now before us is without prejudice to the right of Tolley, if it be so advised, to apply at Supreme Court for leave to replead to state separately claims it would assert based on acts and omissions that occurred prior to January 1, 1975.
For the foregoing reasons the order of the Appellate Division should be reversed, with costs, the motion of the individual trustees granted, and the counterclaim, the cross claims, and the third-party complaint against them dismissed, without prejudice to the right of Tolley to apply for leave to replead as indicated.

. ERISA (§ 514, subd [a], US Code, tit 29, § 1144, subd [aD provides in pertinent part:
“(a) * * * [T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan * * *
*178 “(c) For purposes of this section:
“(1) The term ‘State law’ includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.”

. This provision reads as follows:
“(e)(1) Except for actions under subsection (a)(1)(B) of this section [actions by a participant or beneficiary to recover benefits or to enforce rights under the plan, see n 3, infra], the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
“(2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be in any other district where a defendant resides or may be found.”

. ERISA (§ 502, subd [a], US Code, tit 29, § 1132, subd [a]) provides in relevant part:
“Persons empowered to bring civil action
“(a) A civil action may be brought —
“(1) by a participant or beneficiary —
“(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
“(3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
“(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title”.