*94 OPINION OF THE COURT
Eugene P. Bambrick, J.
In this special proceeding, petitioner Long Island Jewish Hillside Medical Center (hereinafter LIJ) seeks an order directing respondent Manufacturers Hanover Trust Co. (hereinafter MHT) to turn over to it certain assets held in three individual retirement accounts in the name of Maurice Prendergast.
Petitioner LIJ obtained a judgment against respondent Maurice Prendergast and Margaret Prendergast on June 28, 1985 in the sum of $15,059.46. Petitioner thereafter served a restraining notice and information subpoena on respondent MHT, dated August 23, 1985, to restrain property held on behalf of Mr. Prendergast. MHT, in response, has restrained $5,909.44, which it holds in three individual retirement accounts on behalf of Maurice Prendergast. On September 9, 1985, petitioner mailed a copy of the restraining notice and a notice to the judgment debtor to Mr. Prendergast pursuant to CPLR 5222 (d) and (e).
Petitioner now seeks an order directing MHT to turn over to it the amounts held in the individual retirement accounts (hereinafter IRAs) on behalf of Maurice Prendergast. Petitioner asserts that IRAs are subject to attachment and other enforcement proceedings under CPLR article 52, and that the Employee Retirement Income Security Act of 1974 (hereinafter ERISA) has not preempted a judgment creditor’s right to enforce judgments against an IRA. (29 USC § 1001 et seq.) Petitioner relies heavily on National Bank v International Bhd. of Elec. Workers Local No. 3 (69 AD2d 679), in which the Appellate Division, Second Department, held that CPLR article 52 was not in conflict with ERISA’s antialienation provisions, and therefore found that pension plan funds were subject to attachment. It is also asserted that the Court of Appeals decision in Retail Shoe Health Commn. v Reminick (62 NY2d 173), which held that State actions for breach of fiduciary duties against the trustees of a pension plan have been preempted by ERISA, did not, in effect, overrule National Bank (supra.). (Accord, Planned Consumer Mktg. v Coats & Clark, NYLJ, Mar. 10, 1986, p 6, col 3.) Finally, petitioner asserts that the funds held in an IRA are not exempt trust funds pursuant to CPLR 5205 (c) and, therefore, are subject to attachment.
Respondent MHT asserts that Retail Shoe (supra) may have *95 in effect overruled National Bank (supra) and, therefore, seeks to have this court determine whether the funds held in the IRAs are subject to attachment, or whether such proceedings are now preempted by ERISA. It is further asserted that an IRA may be classified as a trust under CPLR 5205 (c) and therefore may be wholly or partially exempt from attachment. MHT, therefore, seeks to have the court determine the judgment creditor’s right to the IRA funds and to issue an order protecting MHT from liability in the event that Mr. Prendergast seeks to assert a cause of action for breach of fiduciary duty.
It is well settled that preemption is a question of congressional intent and may be express or implied by the statute’s language, structure or purpose. Preemption may occur when Congress expresses an intent to supersede State law in a given field. (Shaw v Delta Air Lines, 463 US 85.) ERISA provides that its provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan”. (29 USC § 1144 [a].) While the phrase "relates to” must be given a broad interpretation, only those State laws which purport "to regulate, directly or indirectly, the terms and conditions of employee benefit plans” (29 USC § 1144 [c] [2]) have been preempted. State laws that affect employee benefit plans in a "tenuous, remote, or peripheral” manner are not preempted. (Shaw v Delta Air Lines, supra, p 100, n 21; Sasso v Vachris, 66 NY2d 28.) Thus, in Helmsley-Spear, Inc. v Winter (74 AD2d 195, affd 52 NY2d 984), the court held that ERISA’s antiassignment or alienation provision preempted a nonfamily creditor from attaching the benefits derived from a pension plan which is governed by ERISA. (See also, 29 USC § 1056 [d]; 26 CFR 1.401[a]-13 [b] [1].) The Appellate Division, First Department, in Helmsley-Spear (supra) expressly declined to follow the Second Department’s ruling in National Bank (supra). Thus, the Court of Appeals, in affirming Helmsley-Spear (supra), by implication overruled National Bank (supra) and, therefore, there is no need for this court to determine whether Retail Shoe Health Commn. v Reminick (supra) overruled National Bank (supra).
An IRA is defined by the Internal Revenue Code as "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries,” and "[t]he interest of an individual in the balance of his account is nonforfeitable.” (26 USC § 408 [a], [a] [4].) In addition, a custodial account "shall be treated as a trust if the assets of such *96 account are held by a bank * * * and if the custodial account would, except for the fact that it is not a trust, constitute an individual retirement account * * * the custodian of such account shall be treated as the trustee”. (26 USC § 408 [h].)
Congress originally established tax deductible and deferred IRAs in order to ease the tax burden of employees who were not covered by a qualified pension plan and to encourage saving for retirement. In order to encourage the retention of such funds, a tax penalty was established in the event that such funds were withdrawn before a participant reached age 59 Yz, was disabled or died. (Pub L 93-406; 1974 US Code, Cong & Admin News 4791.) Beginning in the 1982 tax year, IRAs were extended to employees actively participating in an employer-sponsored pension, profit sharing, savings or other qualified plan. Although IRAs were established under the umbrella of ERISA, they are not qualified pension plans and therefore the funds held in such accounts are not preempted from attachment pursuant to Helmsley-Spear (supra). While ERISA and the Treasury Department regulations promulgated thereunder protect a participant and his or her beneficiaries in qualified pension plans from the adverse claims of commercial creditors, similar protections have not been enacted for IRAs. (See, 29 USC § 1056 [d]; 26 CFR 1.401[a]-13 [b] [1].) To the extent that an individual’s interest in an IRA is nonforfeitable, this provision must be read as to exempt such accounts from being declared abandoned property or escheating to the State. (See, Abandoned Property Law § 300; Banking Law § 7.)
In the case at bar, the funds held by MHT as custodian of the IRAs established by Maurice Prendergast are neither preempted nor exempted from attachment by the judgment creditor, as an IRA is not a qualified pension plan or benefit. (See, Matter of Abrahams v New York State Tax Commit., 131 Misc 2d 594.) In addition, as these IRAs were not created by Maurice Prendergast for the benefit of another person, or held "in trust” for another, they are not exempt from attachment pursuant to subdivisions (c) and (d) of CPLR 5205. (Matter of Abrahams v New York State Tax Commn., supra.)
MHT’s request for an order protecting it from liability is denied. Although this request is premature, this court is preempted from deciding any claims which may be raised by Mr. Prendergast for the breach of fiduciary duties under ERISA. (Retail Shoe Health Commit, v Reminick, supra.) It should be noted, however, that a fiduciary, acting pursuant to *97 a court’s instructions, is protected from assertions for breach of duty. (3 Scott, Trusts § 259, at 2217 [3d ed].)
Accordingly, petitioner’s request for an order and judgment directing MHT to turn over the funds held in three IRAs established by the judgment debtor Maurice Prendergast is granted.