780 P.2d 596

**Mary Lee BEWLEY,
Plaintiff–Appellant,**

v.

**Homer G. BEWLEY,
Defendant–Respondent.**

No. 17886.

Court of Appeals of Idaho.

Sept. 28, 1989.

Clemons, Cosho & Humphrey, of Boise, for plaintiff-appellant. Louis Cosho, argued.

Martin, Chapman, Park & Burkett, Boise, for defendant-respondent. John S. Chapman, argued.

BURNETT, Judge.

This case involves the distribution of property following a divorce. The issues raised on appeal include the treatment of disability pay and the tracing of separate property. For reasons explained below, we affirm the district court's order upholding the magistrate's judgment.

The facts are as follows. Homer and Mary Bewley were married in 1941. Mr. Bewley joined the armed forces shortly thereafter. He served until 1968, when he retired due to a physical disability and began to receive disability pay.

The couple divorced in 1988. A magistrate treated the disability pay as separate property, leaving it entirely with Mr. Bewley. The magistrate also characterized as separate property an inheritance Mr. Bewley received from his aunt, even though it had been commingled with community funds. The magistrate then awarded Mrs. Bewley more than her share of the community property, partially offsetting the disability pay retained by Mr. Bewley. Both parties appealed to the district court. That court affirmed the magistrate's judgment. Mrs. Bewley appealed again; however, Mr. Bewley did not file a cross-appeal.

I

The dominant issue is the magistrate's treatment of the disability pay. Mrs. Bewley contends that the disability pay should have been treated as community property. Alternatively, she argues that the disproportionate award of community property to her should have been even greater, in order to offset completely the disability pay enjoyed by her former husband. In contrast, Mr. Bewley argues that the magistrate erred in considering the disability pay as a factor to justify any degree of inequality in dividing the community property. These contentions embrace legal questions on which we exercise free review.

We first turn to Mrs. Bewley's argument that the disability pay is community property. Military disability pay must be understood in its relation to military retirement pay. Members of the armed forces who serve for certain vesting periods are entitled to receive retirement pay. Veterans who become disabled as a result of military service are eligible for disability benefits. 38 U.S.C. §§ 310 and 331. The disability benefits are calculated according to the seriousness of the disability and the degree to which employability has been impaired. 38 U.S.C. §§ 314 and 355. When a service member receiving disability benefits also qualifies for retirement pay, federal law requires him or her to waive an amount of retirement income corresponding to the disability income. The service member ordinarily will do so because the disability income receives favorable tax treatment and is the gateway to such ancillary benefits as medical care at Veterans Administration facilities. In this case, Mr. Bewley made that choice. Because he was rated 40% disabled, he received 40% of his total income in the form of disability pay, waiving an equivalent amount of retirement pay.

In Idaho, retirement payments are treated as community property to the extent they were earned during the marriage. *Griggs v. Griggs*, 107 Idaho 123, 126, 686 P.2d 68, 71 (1984). However, the United States Supreme Court has ruled that military disability pay must be treated as separate property, even if a spouse has chosen voluntarily to receive the disability pay instead of retirement pay. *Mansell v. Mansell*, — U.S. —, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Clearly, this ruling can lead to a seemingly anomalous result. In the case at hand, Mr. Bewley chose to waive 40% of his pension and to receive disability pay instead. Consequently, an equal division of community property would give Mrs. Bewley just 30% of the money paid by the military, rather than the 50% she could receive from an equal division if all income were retirement pay. Nevertheless, the United States Supreme Court's holding in *Mansell* is clear and we are bound to follow it. The magistrate correctly treated the disability pay as separate property.

Mrs. Bewley next argues that the community property should have been divided so unequally in her favor that Mr. Bewley's retention of the disability pay

would be fully offset. As noted, the magistrate did allow some disparity in order to give Mrs. Bewley a partial offset. However, she now contends that this was not enough.

Again, the United States Supreme Court has spoken to the issue. In *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), a wife sought to receive a share of her husband's retirement benefits under the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.* She argued that even if the benefits were separate property, she could "vindicate her interest and leave the benefit scheme intact" by receiving "an offsetting award of ... community property...." *Id.* at 588, 99 S.Ct. at 811. The Supreme Court disagreed, stating that the benefits were not divisible and that any offsetting award would "upset the statutory balance and impair [the husband's] economic security just as surely as would a regular deduction from his benefit check." *Id.* We find *Hisquierdo* to be controlling here. We do not interpret *Hisquierdo* to bar unequal awards of community property in *all* cases where nondivisible federal benefits are involved. But any inequality must be based upon bona fide considerations other than dissatisfaction with the federal scheme. Here, no such considerations appear to support Mrs. Bewley's claim to an even more disproportionate share of the community property than she has already received.

As might be expected, Mr. Bewley has challenged the existing disparity in the distribution of community property, arguing that it contravenes *Hisquierdo*. However, he did not cross-appeal. His side of the *Hisquierdo* issue is not properly before us. Although a respondent can make any argument to *sustain* a lower court judgment, the respondent must timely file a cross-appeal in order to seek a change in the judgment. I.A.R. 15, 21; *see Spreader Specialists, Inc. v. Monroc, Inc.*, 114 Idaho 15, 19 n. 2, 752 P.2d 617, 621 n. 2 (Ct.App.1988). For the same reason, we will not address other issues raised by Mr. Bewley, including the treatment of an inheritance received by Mrs. Bewley, the division of a gun collection, and the appraised value of certain real property.

## II

We now turn to Mrs. Bewley's contention that money Mr. Bewley inherited from his aunt was commingled with community funds and that the magistrate erred in finding the property could be traced. It is true, of course, that all property acquired by spouses during coverture is presumed to be community property. *Cargill v. Hancock*, 92 Idaho 460, 444 P.2d 421 (1968). However, that presumption may be overcome "when the source of the property can be established with reasonable certainty and particularity as the separate property of one or the other [spouse] ... and the property so traced retains its character as separate property." *Stahl v. Stahl*, 91 Idaho 794, 797, 430 P.2d 685, 688 (1967). A determination that property is separate is a factual finding which we will not disturb unless it is clearly erroneous. *Nelson v. Holdaway Land and Cattle Co.*, 107 Idaho 550, 691 P.2d 796 (Ct.App.1984).

We do not believe the magistrate's finding in this case was clearly erroneous. Mr. Bewley's inheritance was placed in joint accounts and commingled with community assets. It was then withdrawn to purchase real property. Nevertheless, the magistrate was able to trace approximately $25,000 of this inheritance, identifying it as separate property. In order to trace the money, he used checks, bank records and witness testimony. The magistrate was authorized to resort to such indirect or circumstantial evidence, and to accounting methods, in his tracing inquiry. *See, e.g., Houska v. Houska*, 95 Idaho 568, 512 P.2d 1317 (1973). This evidence substantially supports the magistrate's finding. We will not disturb it on appeal.

In sum, we uphold the district court order affirming the magistrate's judgment. No attorney fees on appeal. Costs to respondent.

WALTERS, C.J., and WESTON, J. Pro Tem., concur.