794 P.2d 1140

**Phyllis M. BOWLDEN, Plaintiff–Respondent,**

v.

**Taylor R. BOWLDEN, Defendant–Appellant.**

**No. 18508.**

Supreme Court of Idaho.

June 28, 1990.

Robert H. Remaklus, Cascade, for defendant-appellant.

Killen, Pittenger & Kerrick, Gregory C. Pittenger (argued), McCall, for plaintiff-respondent.

McDEVITT, Justice.

The parties, Taylor and Phyllis Bowlden, were married seventeen years prior to the dissolution of their marriage on June 28, 1988. Appellant began receiving old age Social Security benefits in March of 1981. These were not used as a primary source of income, but instead were deposited in various savings and checking accounts. Appellant claims these payments as his separate property, on the theory that the Idaho community property laws are preempted by the federal Social Security Act.

Before trial of the divorce action, the parties entered into a stipulation as follows:

> Defendant claims as his sole and separate property a substantial amount of money for U.S. Social Security benefits, other than disability benefits, paid to him during the marriage. Plaintiff denies that such Social Security benefits heretofore paid are separate property and claims that such payments are community property.
>
> In order to expedite the disposition of this case as early as possible, the parties, through their respective attorneys of record stipulate and agree to submit to the Court the following questions prior to trial, to-wit:

## I

Are the Social Security benefits heretofore paid to the Defendant separate or community property?

## II

What effect, if any, will the time that such Social Security benefits were earned by the Defendant, have upon the disposition or award of such Social Security benefits?

## III

If such Social Security benefits or any part thereof are sole and separate property, may the Defendant claim the same by a "net worth" method or must the tracing method be used to identify specific assets that a party claims as separate property?

The parties further stipulate and agree that this Stipulation and the decision of the Court on the foregoing matters shall not prejudice the rights of either party to appeal, or otherwise.

Pursuant to the stipulation, the parties estimated the total amount of Social Security benefits received during the marriage. This fund, half held in trust by respondent pending the outcome of this appeal and the other half retained by appellant, does not represent the actual benefits received. Rather, this arrangement represents the parties' assumption that all Social Security benefits received during the marriage were not consumed during the marriage, but remain intact. The parties contemplate that if this Court declares the benefits to be community property, then respondent will retain half; and if the benefits are determined to be separate property, then the case will revert to the trial court in order to trace the funds and determine the final allocation between the parties.

The magistrate held that Idaho's community property laws were not preempted by the Social Security Act in this context, and that the benefits were community property. The district court, in its appellate capacity, affirmed the magistrate's decision. The Court of Appeals disagreed and reversed the district court.

Although the pleadings and briefs of the parties in this case do not specifically declare the nature of the relief they are seeking, the form of this action is essentially a request for a declaratory judgment. I.C. § 10–1201. It is a request for the Court to declare the rights of the respective parties in a certain fund.

This Court has previously stated that "[a]s a general rule, a declaratory judgment can only be rendered in a case where an actual or justiciable controversy exists." *Harris v. Cassia County,* 106 Idaho 513, 516, 681 P.2d 988, 991 (1984). The *Harris* court adopted the federal standard, set forth by the United States Supreme Court, for determining whether a justiciable state of facts exists:

> "A 'controversy' in this sense must be one that is appropriate for judicial determination. . . . A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."
> [*Aetna Life Ins. Co. v. Haworth,*] 300 U.S. [227] at 240–41, 57 S.Ct. [461 at] 464 [81 L.Ed. 617] (1937) (citations omitted).

*Harris,* 106 Idaho at 516, 681 P.2d at 991.

The Court in *Harris* also took note of prior Idaho precedent:

> This Court previously stated that the right sought to be protected by a declaratory judgment "may invoke either remedial or preventative relief; it may relate to a right that has either been breached or is only yet in dispute or a status undisturbed but threatened or endangered; but in either or any event, it must involve actual and existing facts." (Citations omitted.)

*Id.,* 106 Idaho at 516–17, 681 P.2d at 991–92.

In the present case, the parties have created a fund by stipulation upon which

**86**

they focus their dispute. There is no showing on this record as to the fate of the actual Social Security benefits received by appellant. No one can say whether the benefits were dissipated by community expenses, used to purchase items intended to be separate property of one or the other spouse, or whether the funds were retained, in whole or in part, in the various bank accounts extant during the marriage. In short, no tracing of the Social Security benefits was attempted before the parties presented this legal issue of the separate or community status of the monies to the court.

Upon this state of facts, we hold that there are no "actual and existing facts" which are susceptible of a declaratory judgment. Rather, the issue before this Court amounts to a hypothetical question: *if* any Social Security benefits remain intact at the time of the dissolution of the marriage, would they be characterized as separate or community property? This is not a proper state of facts upon which this Court may render an opinion, and the parties are not empowered to grant the Court jurisdiction by means of their stipulation.

Therefore, we remand this case to the magistrate court to determine whether there are any of appellant's Social Security benefits in existence. If it is determined that any Social Security benefits remain as part of the assets to be divided between the parties, then the court may consider whether those assets may be characterized as separate or community property. Any assets acquired during marriage are presumed to be community property, with the burden of proof resting upon the party asserting that such assets constitute separate property. I.C. §§ 32–903 and 32–906; *Guy v. Guy*, 98 Idaho 205, 560 P.2d 876 (1977).

No costs on appeal.

BAKES, C.J., JOHNSON, BOYLE, JJ., REINHARDT, J. Pro Tem., concur.