599 So.2d 868 (1992)
NEW ORLEANS SHEET METAL WORKER'S, et al.
v.
ABC INSURANCE COMPANY, et al.
No. 91-CA-1919.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
*869 Steven R. Scheckman, Shelia C. Myers, New Orleans, Bruce A. Cranner, Blue, Williams & Buckley, Metairie, Donald W. Fisher, Donald W. Fisher Co., Toledo, Ohio, for plaintiffs-appellees Sheet Metal Workers' Intern. Assoc., AFL-CIO.
Matt J. Farley, Howard L. Murphy, Garald P. Weller, Deutsch, Kerrigan & Stiles, New Orleans, for third-party defendant-appellee The Aetna Cas. & Sur. Co.
Kurt S. Blankenship, Curry and Blankenship, New Orleans, for defendants-appellees Douglas Stubbs, Jr., Rudolph Holzer, III, Allen Williams, Sr. and Charles Leysath.
Joseph B. Morton, III, Duplass, Witman, Zwain & Williams, Metairie, for appellees Maggio, Turcotte, Hernandez and Matherne.
David E. Walker, Alvin J. Bordelon, Jr., Laurie S. Wahlder, Walker, Bordelon, Hamlin, Theriot and Hardy, New Orleans, for plaintiffs-appellants Sheet Metal Workers Intern. Assoc. et al.
Robert E. Winn, Jerome K. Lipsich, Sharon Cormak Mize, Sessions & Fishman, New Orleans, for third-party defendant-appellee Ulico Cas. Co.
Before KLEES, CIACCIO and WARD, JJ.
KLEES, Judge.
Defendants appeal the trial court's dismissal of their third-party demand on exceptions of lack of subject matter jurisdiction and no cause/no right of action. We affirm.
Plaintiffs, the New Orleans Sheet Metal Workers' Local 11 Health & Welfare Fund and the New Orleans Sheet Metal Workers' Local 11 Pension & Retirement Fund (hereinafter "Funds"), are trust funds established by Local 11 of the Sheet Metal Workers Union and the Sheet Metal Contractors Association to provide health, pension and retirement benefits to eligible employees in the sheet metal trade. The Funds are each managed by a six-member Board of Trustees. On December 19, 1989, the Funds filed suit in federal court against each of the trustees serving on the two Fund Boards, their fiduciary insurers and the Funds' accountant. This lawsuit, entitled Mazur, et al v. Gaudet, et al, C.A. No. 89-2721, United States District Court for the Eastern District of Louisiana, alleges a breach of fiduciary duty on the part of the trustees which led to the embezzlement over a period of six years of several million dollars from the Funds by Stanley J. Gaudet, one of the trustees.
On April 27, 1990, plaintiffs filed the instant lawsuit against Philip Shuler, III, his professional corporation, his law firm (Chaffe, McCall, Phillips, Toler & Sarpy) and their malpractice insurer (Attorney's Liability Assurance Society, Inc.) alleging that Schuler, the advisory attorney for the *870 Funds, had breached his duty to the Funds by failing to inform them of his prior representation of Stanley Gaudet in Gaudet's attempt to set aside a default judgment allegedly based upon a $600,000 gambling debt. Defendants initially attempted to remove this case to federal court for consolidation with the Mazur suit. Plaintiffs objected to the removal, and the federal district judge remanded the case to state court on the basis that it does not arise under the federal ERISA statute, as does Mazur, but rather is an ordinary legal malpractice claim.
Following the remand, Schuler and the other defendants filed a third-party complaint against the Funds' trustees, accountant, and their insurers alleging that the breach of their fiduciary duties to the Funds wholly caused or contributed to the damage from Gaudet's embezzlement. A separate third-party demand was lodged against the two unions alleging that as settlors of the trust, they were chargeable with the same knowledge as Schuler, and that their failure to remove Gaudet as trustee also contributed to the damage suffered by the Funds.
In response to the third-party petition, all the third-party defendants filed nearly identical exceptions, each asserting that the third-party complaint is preempted by ERISA and that exclusive jurisdiction of such a complaint rests with the federal courts. After hearing oral arguments on May 31, 1991, the trial judge sustained the exceptions and dismissed defendants' third-party demand against the trustees, their fiduciary insurers, and the unions. This appeal followed.
The sole issue on appeal is whether the third-party claim of defendants and the Louisiana law governing that claim is preempted by the provisions of ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1101, et seq. For purposes of deciding this issue on an exception of no cause of action, the well-pleaded allegations of fact in the petition must be considered as true. See: La.Code Civ.Pro. art. 927; Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984). Paragraphs 51 and 52 of the third-party petition contain the allegations of wrongdoing against the Fund trustees, and read as follows:
51.
During the years each served as a trustee, third party defendants, Williams, Holzer, Leysath, Stubbs, Turcotte, Maggio, Hernandez and Matherne,
(a) improperly and without authorization delegated to Stanley Gaudet the power to make Fund investment decisions and then to execute decisions made by him in dealings with third parties,
(b) failed to take reasonable measures to ascertain whether or not Gaudet was properly performing Funds investment responsibilities delegated to him,
(c) failed to take all reasonable steps to insure that audits and accounting reports of Fund assets were accurate; and
(d) failed to take all reasonable actions necessary to appointment of an independent investment manager, as contemplated by Article III of the 1975 Agreements and Declarations of Trust, and recommended by their attorney, G. Phillip Shuler.
52.
By the acts and omissions described supra third party defendants Williams, Holzer, Leysath, Stubbs, Turcotte, Maggio, Hernandez and Matherne violated their fiduciary duties to the Funds and the fund beneficiaries under ERISA, 29 U.S.C. Section 1105, et seq and the Louisiana Trust Code, proximately causing thereby the damages claimed by plaintiffs in this lawsuit.
The allegations concerning John Chancellor, the Funds' accountant, and the unions themselves are contained in paragraphs 55 and 62, respectively, which state:
55.
The failure of third party defendant Chancellor to independently verify the existence and amounts of Fund investments while making periodic audits or preparing financial statements of Funds assets violated the duty of reasonable *871 care Chancellor owed to the Funds under ERISA and Louisiana law.
62.
By failing to remove Stanley Gaudet as a trustee under the provisions of Article III, Section 3.1 and 3.2, because of Gaudet's gambling activities Local 11 and the International, acting through its Trustees, violated their respective fiduciary function in the selection and retention of trustees, under ERISA and the Louisiana Trust Code.
As is clear from the petition, the gravamen of the complaint is that the third-party defendants violated their respective fiduciary duties to the Funds under ERISA and the Louisiana Trust Code. Does ERISA mandate that this issue be resolved in federal court? After reviewing the law, we agree with the trial judge that it does.
Two sections of ERISA are pertinent to this inquiry. Section 1144(a) provides that "the provisions of this subchapter ... shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a) (Emphasis added). Section 1132, dealing with jurisdiction, provides in pertinent part:
(a) Persons empowered to bring a civil action

A civil action may be brought:
....
(3) By a participant, beneficiary or fiduciary, (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain any other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
* * * * * *
(e) Jurisdiction

(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
Under Section 1144(a), it is clear that the Louisiana Trust Code and any other state law that may affect the instant case is superseded by ERISA. The United States Fifth Circuit has held that "(p)reempted state law includes any state cause of action that relates to an employee benefit plan, even if the action arises under general state law that in and of itself has no impact on employee benefit plans." Lee v. E.I. Dupont de Nemours and Co., 894 F.2d 755, 756 (5th Cir.1990). The Court went on to state that the "Supreme Court has given section 1144(a) its `broad common-sense meaning'; it reaches any state law that `has a connection with or reference to an ERISA plan. Its purpose is to establish pension plan regulation as exclusively a federal concern." Id. at 756; [ (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 95, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983); Hartle v. Packard Elec., 877 F.2d 354, 355 (5th Cir.1989).] The language of 1144(a) is "deliberately expansive." Hansen v. Continental Insurance Co., 940 F.2d 971, 979 (5th Cir.1991) [quoting Pilot Life, supra.]
Third-party plaintiffs have therefore focused their argument against preemption on Section 1132, the jurisdictional provision of ERISA. They contend that because Schuler is the Funds' attorney, and is not a "participant, beneficiary or fiduciary" entitled to bring an ERISA action under Section 1132, third-party plaintiffs would be foreclosed from suing in federal court if their action is dismissed by the state court. Schuler thus contends that because ERISA does not provide him with a right of action, his claim is not of the type that ERISA is intended to preempt.
The United States Fifth Circuit has repeatedly rejected this argument. In Lee v. E.I. Dupont de Nemours and Co., supra, the plaintiffs claimed that, but for the fraud/misrepresentation of the defendant, *872 they would have been participants in a plan with greater benefits than the one they had. Plaintiffs attempted to stave off preemption of their state law fraud claims by arguing that since they were not "participants" of the plan under § 1132(a), their claim was not preempted under § 1144 (presumably because it does not "arise under" ERISA). The United States Fifth Circuit gave short shrift to this argument, observing that the jurisprudence did not support it. The court held that the state law claims by the non-participants were preempted whether or not the non-participants had a cause of action under ERISA. See also: Hansen v. Continental Ins. Co., 940 F.2d 971 (5th Cir.1991) ("ERISA's preemption provision bars state law causes of action even though such preemption may leave a victim of fraud or misrepresentation without a remedy."); Degan v. Ford Motor Co., 869 F.2d 889, 895 (5th Cir.1989) (state law action for breach of oral contract was preempted by ERISA, but oral agreements are unenforceable under ERISA; hence, ERISA preemption results in a "betrayal without remedy"). Thus, the absence of a remedy does not, and should not, affect the dismissal of Shuler's third-party claim.
The jurisdictional scheme of ERISA contemplates exclusive jurisdiction in the federal courts of all ERISA-related actions except those that fall under 1132(a)(1)(B), which admittedly does not apply to the instant case. The Court of Appeals of New York considered this identical issue on similar facts in Retail Shoe Health Com'n v. Reminick, 62 N.Y.2d 173, 476 N.Y.S.2d 276, 464 N.E.2d 974 (1984), cert. den. Reminick v. Maltz, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). There, an ERISA regulated employee welfare benefit fund filed a state malpractice action against its accountants and auditors, alleging that they had neglected to detect and report defalcations by the administrator of the fund. The defendants filed a third-party complaint against the individual trustees, alleging breach of fiduciary duty and seeking indemnification or contribution. The Court of Appeals of New York held that claims against the ERISA fiduciaries for breach of their duty was preempted by ERISA, and that the federal courts had exclusive jurisdiction over such claims:
We start with the ineluctable premise that the Federal law preempts State regulation of ERISA employee benefit plans. The Act provides expressly that its provisions shall supersede all State laws insofar as they may relate to any employee benefit plan within its embrace. The individual trustees are fiduciaries within the meaning of subdivision (21) of Section 3 of ERISA ... and the gravamen of the claims of both Reminick and Tolley against them is breach of fiduciary duties ... As a matter of substantive law, the nature and scope of the duties and liability of the trustees in this regard are determinable under the provisions of ERISA ... It is substantive claims of just this character that fall squarely within the scope and thus the preemption of ERISA.
The question then arises as to whether these claims may be asserted in a State court action such as the present. Here again, it is the provisions of ERISA which are determinative. Subdivision (e) of Section 502 of ERISA ... provides that the District Courts of the United States shall have exclusive jurisdiction over civil actions arising under ERISA... Accordingly, we are obliged to conclude that the present claims asserted by Reminick and Tolley against the trustees may not be entertained in our State courts. (Citations omitted.)
476 N.Y.S.2d at 278-279, 464 N.E.2d at 976-977.
In Retail Shoe, Reminick also claimed, like Shuler, that since a legal or accounting consultant is not empowered to bring an ERISA action, then ERISA would preclude their third-party claims. However, this argument was likewise summarily rejected by the court:
[T]he circumstance that persons in the outboard position of Reminick and Tolley may have no statutory standing to bring such an action under the Federal regulatory scheme is merely an aspect of that scheme. If there is a deficiency or inequity *873 in the scope of subdivision (a) of Section 502, it is attributable to the Act itself and any petition for remedy or correction must be addressed to the Congress.

Id., 476 N.Y.S.2d at 279, 464 N.E.2d at 977.
Although Retail Shoe is not a binding precedent in this court, we find it persuasive. The essence of Schuler's third-party claim of "client malpractice" is that the third-party defendants breached their fiduciary duties to the Funds under ERISA. Allowing such a claim to be pursued in state court when the identical issue is being determined at the same time in a federal court suit would undermine Congress' purpose in enacting ERISA and circumvent Congress' obvious intent to promote uniformity in the regulation of employee benefit plans. We therefore agree with the trial court that the third-party claim is preempted.
Accordingly, for the reasons stated, we affirm the judgment of the trial court dismissing defendants' third-party petition.
AFFIRMED.
WARD, J., concurs.
WARD, Judge, concurring.
I concur with the result of the well written majority opinion. Under these facts and circumstances I believe that any action should be maintained in the United States Courts. Appellants, however, did not appeal the District Court decision which denied jurisdiction of the United States Courts. In other factual situations, where fraud is alleged with more particularity and substance, I would hold state courts have jurisdiction.