857 P.2d 631

**In the Matter of the ESTATE OF Orie E. MUNDELL, Deceased.**

**Eva MUNDELL, surviving widow of Orie E. Mundell, deceased, Plaintiff–Appellant,**

v.

**James E. MUNDELL, surviving son of Orie E. Mundell, deceased; Mary Teats, surviving daughter of Orie E. Mundell, deceased; and Sandy Lindsley, surviving daughter of Orie E. Mundell, deceased, Defendants–Respondents.**

No. 19071.

Supreme Court of Idaho, Lewiston, May 1993 Term.

Aug. 5, 1993.

<strong>153</strong>

course of probating Orie Mundell's estate, the trial court determined that Orie Mundell's community estate included a one-half community interest in the IRA's. Appellant, Eva Mundell, appeals from the trial court's finding, claiming that the IRA's are her separate property.

## ANALYSIS

Absent evidence of gift or transmutation, the character of all property acquired during marriage is presumed to be community property. I.C. § 32–903; I.C. § 32–906; *Shumway v. Shumway*, 106 Idaho 415, 679 P.2d 1133 (1984); *Winn v. Winn*, 105 Idaho 811, 673 P.2d 411 (1983). In its "Findings of Fact and Conclusions of Law," the trial court found that there was insufficient evidence to establish that any type of contract or gift had occurred between Orie Mundell and appellant to rebut the presumption that the IRA's are community property. No appeal has been made from these findings. Appellant effectively recognizes that, if Idaho law applies, the IRA's are community property. However, appellant argues that 26 U.S.C. § 408(g) preempts Idaho community property law, and therefore, Idaho law does not apply.

Whether Idaho law is preempted through operation of the Supremacy Clause of the United States Constitution is a question of law which we freely decide. *See Dunbar v. United Steelworkers of America*, 100 Idaho 523, 602 P.2d 21 (1979), *cert. denied*, 446 U.S. 983, 100 S.Ct. 2963, 64 L.Ed.2d 839 (1980), *overruled on other grounds, Sterling v. Bloom*, 111 Idaho 211, 723 P.2d 755 (1986). The preemption of state law is not to be readily inferred. *Id.* In order for preemption to be applied, it must be determined that state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Maryland v. Louisiana*, 451 U.S. 725, 747, 101 S.Ct. 2114, 2129, 68 L.Ed.2d 576 (1981), *quoting*

James W. Givens, Lewiston, for plaintiff-appellant.

Randall, Blake & Cox, Lewiston, for defendants-respondents. David R. Risley argued.

McDEVITT, Chief Justice.

## BACKGROUND

Orie and Eva Mundell purchased individual retirement accounts and annuities (IRA's) with community funds, listing Eva Mundell as the owner/annuitant.[1] Orie Mundell subsequently died, leaving the bulk of his community and separate estates to his children by a prior marriage. In the

---

1. Other IRA's were purchased by the Mundells which listed Orie Mundell as the owner/annuitant. Eva Mundell was named as the beneficiary for these accounts. As such, these accounts are not at issue in this case.

*Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

The portion of the Internal Revenue Code which authorizes and regulates individual retirement accounts is found in 26 U.S.C. § 408. Section 408 generally defines the requirements for creating an individual retirement account and individual retirement annuities. Section 408 also sets forth the tax treatment of such accounts and annuities and the distributions therefrom. Various administrative matters regarding IRA's are included as well. Subsection (g) states: "This section [408] shall be applied without regard to any community property laws." Appellant argues that the language contained in subsection (g) confirms that Congress intended to preempt Idaho community property law regarding the characterization of IRA's. We disagree.

Congress's objective in enacting 26 U.S.C. § 408 was only to establish the qualifications needed to open an IRA and accrue the tax benefits from such an account. It is this objective that subsection (g) addresses. Furthermore, section 408(d)(6) permits an individual's interest in an IRA to be transferred, in whole or in part, to his or her former spouse under a valid divorce decree without such transfer being considered a taxable transfer. This section demonstrates that Congress acknowledged the effect of State domestic law on IRA's. Accordingly, we find no intent by Congress to preempt Idaho community property law as it relates to the characterization of IRA's. Nor does it appear that Idaho law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of 26 U.S.C. § 408.

Appellant argues that the cases of *Bowlden v. Bowlden,* 118 Idaho 89, 794 P.2d 1145 (Ct.App.1989), *remanded,* 118 Idaho 84, 794 P.2d 1140 (1990), and *Bewley v. Bewley,* 116 Idaho 845, 780 P.2d 596 (Ct. App.1989), support her preemption argument. However, a strong federal interest was found to be present in those cases because the benefits involved, federal disability and social security benefits, were received from federal programs which were funded by federal taxes and paid pursuant to federal guidelines. The privately funded IRA's at issue in this case were voluntarily funded with community property. Furthermore, the benefits in the *Bowlden* and *Bewley* cases were subject to an "anti-attachment" clause which protected such benefits from all legal process. IRA's, on the other hand, have been held to be subject to attachment or garnishment in accordance with state law. *See Long Island Jewish Hillside v. Prendergast,* 134 Misc.2d 93, 509 N.Y.S.2d 697 (1986); *Bartlett Co-op Ass'n v. Patton,* 239 Kan. 628, 722 P.2d 551 (1986). Given these differences, the *Bowlden* and *Bewley* cases do not support a holding that 26 U.S.C. § 408(g) should preempt Idaho community property law.

Accordingly, we hold that 26 U.S.C. § 408(g) does not preempt Idaho community property law, which would characterize the IRA's as community property in this case. The trial court's order providing that Orie Mundell's estate is entitled to a one-half interest in the IRA's is affirmed.

Respondents' request attorney fees on appeal, pursuant to I.C. § 12–121. The language of 28 U.S.C. 408(g) and the precedent of *Bowlden v. Bowlden* and *Bewley v. Bewley,* raise issues of law. We are not left with the "abiding belief" that this appeal is frivolous. Therefore, we decline to award attorney fees on appeal.

Respondents are also awarded their costs on appeal.

BISTLINE and SILAK, JJ., concur.

JUDD, J. Pro Tem, concurs.

JOHNSON, Justice, concurring specially.

I write only to state my understanding of the purpose of 26 U.S.C. § 408(g). In my view, the purpose of this portion of the statute is to establish that in calculating the deductible contribution a taxpayer may make to an IRA, only the taxpayer's own earnings are to be considered, not the tax-

payer's interest in any community property earnings of the taxpayer's spouse.